JESSE WILBUR

v.

JOHN G. WILBUR et al.

*Filed at Mt. Vernon May 9, 1891.*

1. WILLS—*undue influence.* While it is true that the undue influence which will invalidate a will must be present and exercised over the mind of the testator at the time the will was made, yet it is competent to prove previous conduct of the one charged with procuring it to be made, as tending to show his influence over the testator at the time of its execution.

2. Where a will was contested in chancery on the ground of undue influence by a son of the testator, as well as upon the ground of want of capacity to make a valid will, it was *held,* that proof which tended to show anxiety by the son to have his father make a will, and that he desired such will to be favorable to his interest, taken in connection with evidence that on the day the will was executed he took the testator from his home in a village to a justice of the peace, a distance of three miles in the country, where the will was written, and that he was present and assisted in some degree in its execution, was clearly competent on the issue of undue influence.

3. SAME—*reading before signing—evidence admissible on issue of fraud and undue influence.* While the reading of a will to a testator before signing the same is not necessarily essential to its validity, an omission to do so may strongly tend to show that it was not understood by the testator, or that it was the will of another rather than of himself. On the issue of fraud and undue influence in procuring a will to be executed, all that was said and done by the parties present at the time of the execution is relevant and proper.

4. SAME—*when set aside—testator not understanding the contents.* Where a will is sought to be set aside on the grounds of a want of a sound and disposing mind, fraud and undue influence, if it is shown that the testator did not know its contents because of the fraud or undue influence of others, or because his mental condition was such that he could not intelligently understand it, the will may be avoided, and there is no error in submitting to the jury the question whether the testator knew its contents when he executed the same.

5. SAME—*contested—guardian ad litem for infant defendant—paid from estate.* On the contest of a will by bill in chancery, the court appointed a guardian *ad litem* for an infant defendant, and after the will was set aside allowed the guardian $300 for his services in the case,

to be paid out of the estate of the deceased testator. It was contended that the proponent of the will should have been required to pay the charges of the guardian. It did not appear that he was guilty of fraud in procuring the will: *Held,* that there was no error in the ruling of the court.

APPEAL from the Circuit Court of Effingham county; the Hon. C. C. BOGGS, Judge, presiding.

Mr. H. C. GOODNOW, and Messrs. WOOD BROS., for the appellant:

That Dennis Wilbur did transact ordinary business, did act rationally in the ordinary affairs of life, bought and sold, collected rents and settled accounts before and after he made his will, carried on his business up to within a few days of his death, is established in this record by evidence unimpeached and uncontradicted. This is all that is required to be of sound mind and memory, within the meaning of the law. *Trish* v. *Newell,* 62 Ill. 186; *Yoe* v. *McCord,* 74 id. 33; *Meeker* v. *Meeker,* 75 id. 260; *Rutherford* v. *Harris,* 77 id. 397; *Burley* v. *McGough,* 115 id. 11, and 20 Ill. App. 183.

The issue is, whether the writing produced be the will of the testator or not. (Starr & Curtis, p. 2470, sec. 7.) Under the issue the following special interrogatory was given: "Was the paper writing purporting to be the last will and testament of Dennis S. Wilbur read over to said Dennis S. Wilbur before he signed it or after he signed it, and before the witnesses signed it?" The answer was, no. This question was not a proper question to be answered by the jury, for the reason it was not a material question of fact, to be found, and the rights of the parties did not depend upon the reading over the will to testator before or after it was written, and hence it misled the jury. It led the jury to believe it was material to the validity of the will that it should be read over to the testator before he signed it or after he signed it, and before the witnesses signed it,—that the reading was a formality required

in the execution of the will to make it valid. The reading of the will, after being written and before signing, is not essential to the execution or the validity of the will. Our statute only requires the will to be reduced to writing, signed by the testator, and attested in the presence of the testator by two witnesses. (Starr & Curtis' Stat. p. 2466, sec. 2, chap. 148.) The jury believing it necessary to read the will over to the testator before he signed it, in order to make it his will, could find no other verdict than that the paper writing introduced was not his will, for there is no proof in the record that it was read over to the testator before or after signing. *Railway Co,* v. *Dunleavy,* 129 Ill. 135.

Messrs. CRATTY BROS. & ASHCRAFT, and Mr. E. N. RINEHART, for the appellees:

The evidence sustains the verdict, and where the evidence is conflicting this court will not disturb the verdict of the jury. *Buchanan* v. *McLennan,* 105 Ill. 56; *Tate* v. *Tate,* 89 id. 42; *Carpenter* v. *Calvert,* 83 id. 62; Jarman on Wills, (5th Am. ed.) 104; Redfield on Wills, 30, 50; *Perkins* v. *Perkins,* 39 N. H. 163; *Moyer* v. *Swygart,* 125 Ill. 262; *Campbell* v. *Campbell,* 130 id. 466; *Wilbur* v. *Wilbur,* 129 id. 392; *Meeker* v. *Meeker,* 75 id. 260; *Yoe* v. *McCord,* 74 id. 33; *Reynolds* v. *Adams,* 90 id. 134; *Purdy* v. *Hall,* 23 Ch. L. N. 79.

The jury were properly instructed. *Halloway* v. *Galloway,* 51 Ill. 159; *In re Bonse's Will,* 18 Bradw. 433; *Tate* v. *Tate,* 89 Ill. 42; *Rigg* v. *Wilton,* 13 id. 15; *Campbell* v. *Campbell,* 130 id. 392; *Moyer* v. *Swygart,* 125 id. 262.

The trial court erred in excluding evidence offered by complainant.

The court erred in not requiring the proponent to pay the costs. *Smith* v. *Smith,* 69 Ill. 308; *Shaw* v. *Moderwell,* 104 id. 64; *Moyer* v. *Swygart,* 125 id. 262.

· Mr. JUSTICE WILKIN delivered the opinion of the Court:

This case was before us at a former term, and the opinion then rendered is reported in volume 129, page 393, of our Reports, to which reference is made for a statement of facts. The decree of the circuit court was then reversed, and the cause remanded for further proceedings. On the last hearing both parties submitted interrogatories to the jury for special findings, and in response to one of these a special verdict was returned that the will in question was not procured by the undue influence of the said Jesse Wilbur. Other special findings were to the effect that the testator, when he made said will, was not of sound mind, and the general verdict was against the validity of the same.

It is insisted with much earnestness that the weight of evidence is so clearly against the verdict that the decree below should be reversed on that ground. We said in our former opinion, that the testimony then before us, introduced by the contestants, if believed by the jury, was, standing alone, sufficient to warrant a verdict in their favor. There is no material difference in the evidence in this record and that which was before us then. Some additional proof was introduced on behalf of proponent, but the evidence of one very material witness in that record is omitted here. While it is true that there is much evidence tending to support the validity of the will, yet it must be admitted it is in irreconcilable conflict with that of contestants. It was therefore the province of the jury to determine which was entitled to the greater weight, and in such case this court will not interfere, even though, as an original proposition, it might have arrived at a different conclusion. This rule is so well established, and supported by so many decisions of this court, that neither reason nor authority need now be given for applying it to this case.

Several witnesses testified, on behalf of contestants, to acts and declarations of Jesse Wilbur tending to show that he was

active in procuring the making of the will in question, and
desirous that it should be made favorable to himself. This
evidence was objected to by the proponent, and it is now con-
tended that the court below erred in refusing to exclude it from
the jury. The ground of this contention is, that the acts and
declarations spoken of by such witnesses were done and spoken
by the testator prior to the time the will was executed. While
it is true that the undue influence which will invalidate a will
must be present and exercised over the mind of the testator at
the time the will is made, yet it is competent to prove previous
conduct of the one charged with procuring it to be made, as
tending to show his influence over the testator at such time.
The evidence in question tended to show an anxiety on the
part of Jesse Wilbur to have his father make a will, and also
that he desired that will to be favorable to his interests, and,
taken in connection with the proof that on the day the will
was executed he took the testator from his home, in the village
where he lived, and where the will could have been executed,
a distance of three miles in the country to a justice of the
peace, to have it written, and that he was present and assisted,
at least in some degree, in its execution, was clearly competent
on the issue of undue influence.

The jury found specially, at the request of contestants, that
the instrument purporting to be the will of the deceased was
not read over to him before he signed it, or before the witnesses
signed it, and that he did not know its contents at the time
he signed it. It is said, the submission of the first of these
questions was calculated to mislead the jury into the belief
that the reading of the will before signing or being witnessed
was a formality necessary to its validity. One of the questions
submitted to the jury on this hearing was, whether or not the
instrument in question was procured to be executed by the
fraud and undue influence of proponent, and on that issue all
that was done and said by the parties present at the time of
the execution was relevant and competent. True, the reading

was not necessarily essential to the validity of the will, but an omission to do so might strongly tend to show that it was not understood by the testator, or that it was the will of another rather than of himself. As to the last of the above questions, it is objected that no one could avoid the will because the testator may not have known its contents at the time he signed it, and therefore it was improper to submit that question to the jury. This proposition is entirely too general. If he did not know the contents because of the fraud or undue influence of others, or because his mental condition was such as that he could not intelligently understand it, then clearly the instrument could be avoided on that ground, and these were the issues on trial before the jury.

It appears from the bill of exceptions that the judge presiding at the trial rejected all instructions offered by the respective counsel, and gave a series to the jury prepared by himself. Counsel for appellant criticised the first and sixth of these, because, they say, the execution of the will is by their language left to the jury, to be determined as a question of fact. While they each contain language which might well have been omitted, yet, taken as a whole, neither of them could have been understood by the jury as requiring them to pass on the fact as to whether a will was executed or not. The first treats only of the legal right of the testator to make a will disposing of his property as he pleased, and the sixth of the burden of proof as to testamentary capacity. The fact that a will in form was executed was alleged in the bill and admitted by the answer, and the instructions should not have treated that question as in any way conditional, but we are unable to perceive how the jury could have been misled, to the prejudice of proponent, by either of these instructions.

The second instruction given does not, as is assumed in the argument, make it necessary that a testator should be able to keep the things therein stated in his mind at the same time, in order to make a valid will. That instruction is in

substantial conformity to the rule laid down by this court as to testamentary capacity in numerous decisions.

Several of the instructions asked on behalf of appellant, the refusal of which is complained of, were inaccurate, and may well have been refused on that ground; but whether they were or not, those given by the court fairly covered the law of the case, and were as favorable to appellant as he could reasonably ask.

We have a second time examined this case with the care and diligence deemed necessary, and find no reversible error in the present record.

Cross-errors were assigned by contestants, but in the foregoing view of the case only one of these need be noticed. A guardian *ad litem* having been appointed by the court for the infant defendants, he was allowed a fee of $300, to be paid out of the estate of the deceased. It is contended that this fee should have been charged to the proponent, Jesse Wilbur. We are unable to discover any merit in this position. The guardian *ad litem* was not appointed at his instance, nor, presumably, for his benefit. The special finding of the jury acquits him of any wrong in the procurement of the making of said will. Then why should he be required to pay fees of an attorney who did not appear for him and whose appearance he did not procure? The court had the power to allow a reasonable fee to the guardian *ad litem*. It seems that evidence was heard on that subject, all parties being represented by counsel, and there is nothing to show, nor is it even contended, that the allowance was unreasonable. No sufficient reason is shown for the interference of this court with that part of the decree of the circuit court. The decree is therefore in all things affirmed.

*Decree affirmed.*