LOUISA J. ASHMORE *et al.*

*v.*

ALFRED HAWKINS *et al.*

*Filed at Springfield, June 10, 1893.*

1. CHANCERY—*sufficiency of the evidence.* On an issue as to the mental capacity of a deceased grantor to make a deed for land, where the evidence is irreconcilably conflicting, it is for the jury to determine as to the testimony for the contending parties, which is entitled to the greater weight, and in such case, where the witnesses testify orally before the jury, this court will not interfere and set aside the verdict, even though, as an original proposition, it might have arrived at a different conclusion.

2. SAME—*affirmative relief to a defendant.* A defendant in a bill in chancery is not entitled to affirmative relief, unless it is asked in the pleadings.

APPEAL from the Circuit Court of Douglas County; the Hon. EDWARD P. VAIL, Judge, presiding.

This was a bill in chancery to set aside three deeds made by one James Hopkins in his life time, on the ground that Hopkins at the time he executed the same was mentally incapacitated.

The bill sets up that on the 25th day of March, 1884, James Hopkins deeded 160 acres of land to his daughter, Louisa J. Ashmore, and 140 acres to his son, Samuel L. Hopkins. It further alleges that James Hopkins departed this life in September, 1886, leaving surviving him Elizabeth Ann Hopkins, his widow, Samuel L. Hopkins, his son, Louisa J. Ashmore, Vollie Alice Burgett, and Mary E. Gough, his daughters, and Alfred Hawkins, James Hawkins, Minnie M. DeWitt, Marian E. Hopkins, Ina Z. Hopkins, and James L. Hopkins, his grand-children, and only heirs at law.

On the trial an issue as to whether the deeds described in the bill were the deeds of James Hopkins, was submitted to a jury, and it by its verdict found they were not.

On such finding the court adjudged and decreed each of said deeds to be null and void. From that decree the appellants have appealed to this court.

Messrs. WOOLVERTON, ECKHART & MOORE, and Messrs. CREA & EWING, for the appellants:

Authorities on the question of mental capacity to dispose of property. *Myatt* v. *Walker*, 44 Ill. 485; *Lilly* v. *Waggoner*, 27 id. 395; *Yoe* v. *McCord*, 74 id. 34; *Lindsey* v. *Lindsey*, 50 id. 79; *Meeker v. Meeker*, 75 id. 260; *Kimball* v. *Cuddy*, 117 id. 213; *Salisbury* v. *Aldrich*, 118 id. 199.

The bill and decree are not supported by the necessary testimony.

The bill does not offer to pay to the defendants the money they expended in annuities to Hopkins in his life time, and to Mrs. Hopkins after his death. The decree below follows the bill, and does not order any payment of the sums so paid by the grantees in the deeds, but sets aside the deeds unconditionally. This is error. *Burnham* v. *Kidwell*, 113 Ill. 425; *Scanlan* v. *Cobb*, 85 id. 296.

Mr. J. M. NEWMAN, Mr. JOSEPH WINKLER and Mr. W. C. JOHNS, for the appellees:

The degree of mental derangement which renders the person affected incapable of making a deed of his property is such as to make him incapable of understanding the effect and consequences of his act. It need not be that total derangement, or rather obliteration of faculties, which prevents the party from reasoning upon all subjects, nor yet the want of power, at all times, upon correct premises to arrive at accurate conclusions, but it is that want of power which prevents a person from reasoning, or understanding relations of cause and effect. *Lilly* v. *Waggoner,* 27 Ill. 396.

There must be shown such a degree of mental weakness as renders a party incapable of understanding and protecting his own interests. The circumstance that the mental powers have been somewhat impaired by age is not sufficient if the contracting party still retains a full comprehension of the meaning, design and effect of his acts. *Lindsey* v. *Lindsey,* 50 Ill. 79.

The defendants being in possession of the land, every presumption is that the rents and profits exceeded the taxes. *Ryder* v. *Emrich,* 104 Ill. 475.

So also, by the reasoning of that case the rental values of these lands, ranging from three to four dollars per acre, it is fair to presume, as the amount of land deeded to each of the three defendants exceeded one hundred and forty acres, that the rents and profits exceeded the annuities.

It is not always necessary to dispose of a cross-bill, filed for improvements upon the land sought to be partitioned, at the time the decree for partition is made. *Howey* v. *Goings,* 13 Ill. 95.

If the defendants wish to make any claim for annuities or improvements, they were bound to file a cross-bill. *Mahoney* v. *Mahoney,* 65 Ill. 408.

As neither plea nor cross-bill has been filed, we insist the claim now, that restitution should be made, is stale.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

It appears from the record, that on the trial more than fifty witnesses testified before the jury, about an equal number testifying on behalf of either party.

The principal question submitted to this court is, does the evidence sustain the decree? And the decision of that question depends upon whether the proof of the mental incapacity of James Hopkins, produced upon the trial, was sufficient to authorize the verdict of the jury.

We have examined the evidence bearing on this question, and weighing it, as we are compelled to do, without reference to the appearance and conduct of the witnesses on the stand, are of the opinion, that if no other evidence had been submitted to the jury than that introduced by the complainants, it would have been justified in finding as it did. The evidence of the witnesses is in inreconcilable conflict. We think the fact that the grantor was mentally and physically enfeebled by old age at the time he made the deeds in question was clearly proved, but whether that enfeebled condition had reached the point of incapacity to transact the ordinary business affairs of life, is by no means clear.

The court below and jury saw all the witnesses, and heard them testify, and were better able to judge of the weight of their testimony than is this court. Speaking on this subject, in the recent case of *Wilbur* v. *Wilbur*, 138 Ill. 446, we said, repeating what had been frequently said before: "It was, therefore, the province of the jury to determine which was entitled to the greater weight, and in such case this court will not interfere, even though, as an original proposition, it might have arrived at a different conclusion. This rule is so well established, and supported by so many decisions of this court, that neither reason nor authority need be given for applying it to this case." The same language must be applied to the present case.

Counsel for appellants contend, that the court below erred in not providing in its decree for the re-payment of

$100 per year, paid by them since the year 1885, as well as taxes paid on the land conveyed to them.

As to this point, it is only necessary to say that no such affirmative relief was asked by the pleadings.

There being no errors of law insisted upon by appellants as to the admission or exclusion of testimony, or the giving or refusing instructions, and the evidence being sufficient, under the above stated rule, to support the verdict of the jury, the decree of the Circuit Court must be affirmed.

*Decree affirmed.*