SARAH O. WALTON *et al.*, Plaintiffs, v. JAMES H. YORE
*et al.*, Defendants; LEWIS P. McCORD
*et al.*, Appellants.

.St. Louis Court of Appeals, May 22, 1894.

1. **Practice Trial**: COMPENSATION OF GUARDIAN AD LITEM. The guardian *ad litem* of an infant is entitled to compensation for his services and an allowance therefor should be made by the trial court.

2. ————: ————: PAYMENT OF ALLOWANCE. *Semble*, that when the property of the infant is before that court for distribution, an order may be made for the payment of the allowance out of it. But *held*, that no such case is presented by a contest of the validity of a will, and that, even when the will is upheld, the court has no jurisdiction to adjudge its allowance to the guardian *ad litem* for minor devisees to be a lien upon the property devised to them.

3. ————: ————: ALLOWANCE IN SOLIDO TO GUARDIAN FOR SEVERAL MINORS. In this cause, which was an unsuccessful contest of the validity of a will, the same guardian *ad litem* was appointed for all the minor devisees. Their interests under the will differed, but constituted the only property possessed by them. *Held*, that the appointment being an entirety and for the benefit of the minors jointly, an allowance to the guardian *in solido* for all his services in the cause was proper.

*Appeal from the St. Louis City Circuit Court.*—HON.
JACOB KLEIN, Judge.

MODIFIED AND AFFIRMED.

*C. P. & J. D. Johnson* and *D. P. Dyer* for appellants.

(1) The judgment in favor of the guardian *ad litem* was without authority of law. Contesting the validity of a will is a purely statutory proceeding, and the trial court had no jurisdiction to render any other judgment in the cause, than that the will produced was

Walton v. Yore.

or was not the will of the testator, according to the finding upon the issue. R. S. 1889, sec. 8888; *Lyne v. Marcus*, 1 Mo. 410; *Swain v. Gilbert*, 3 Mo. 347; *Young v. Ridenbaugh*, 67 Mo. 589; *McIlwrath v. Hollander*, 73 Mo. 112; *Apleby v. Brock*, 76 Mo. 315; *Babb v. Bruere*, 23 Mo. App. 606, and cases cited. (2) The judgment, as an allowance or taxation of costs in the case in favor of the guardian *ad litem*, is also without authority of law. At common law, parties to suits were not entitled to recover costs in any case. *Steele v. Wear*, 54 Mo. 534; *State v. Railroad*, 78 Mo. 557. The allowance and taxation of costs is a matter of statutory origin, and all statutes touching costs and fees must be strictly construed against the party claiming them. *Conroy v. Frost*, 38 Mo. App. 354; *Ford v. Railroad*, 29 Mo. App. 625; *Shed v. Railroad*, 67 Mo. 690; *Thompson v. Union, etc.*, 77 Mo. 521; *Williams v. Chariton Co.*, 85 Mo. 646. And no fees are provided by statute for services rendered by guardians *ad litem* or minor defendants in civil cases, other than in suits in partition.

*Rassieur & Schnurmacher* for respondents.

Services performed by a guardian *ad litem*, commissioner, *amicus curiæ*, or other person appointed by the court are not voluntarily rendered, and the court making such appointment possesses the inherent power, independently of express statute, of allowing the person so aiding it a reasonable compensation for his services, to be taxed against the proper party. *Nagel v. Schilling*, 14 Mo. App. 576; *In re St. Louis Institute of Christian Science*, 27 Mo. App. 633; *Kerbaugh v. Vance*, 5 Lea (73 Tenn.), 113; *Persons v. Young*, 7 Lea (75 Tenn.), 293; *Wilbur v. Wilbur*, 138 Ill. 446; *Cole v. Superior Court*, 63 Cal. 86; *McCue v. O'Hara*, 5

Redf. 336; *Holloway v. McIlhenny Co.*, 27 Tex. 657; *Hall v. Washington Co.*, 2 G. Greene, 473; *Webb v. Baird*, 6 Ind. 13; Redfield on Practice in Surrogates' Courts, page 95; *Robinson v. Fidelity Trust Co.*, 11 S. W. Rep. 806; *In re Matthews*, 27 Hun, 254. And the court may make such allowance a lien against the property protected. *Cole v. Superior Court*, 63 Cal. 86; *Persons v. Young*, 7 Lea, *supra; Gott v. Cook*, 7 Paige, 521. The proper defense of a suit against an infant is a necessary, for the cost of which his estate may be liable. A request for the defense of such a suit may be presumed from the necessities of the case. *Nagel v. Schilling*, 14 Mo. App. 576.

ROMBAUER, P. J.—This is an appeal from an order of the circuit court, taxing a certain sum as costs in favor of J. C. Jones, guardian *ad litem* for the minor defendants in the above entitled suit. That the amount allowed is reasonable is conceded. The minor defendants, however, on whose behalf this appeal is prosecuted, assign for error the action of the court in taxing the allowance as costs *against them*. They further complain of the action of the court in adjudging the amount thus taxed a lien on certain property in which they have a remainder interest, and in awarding a special execution for the sale of such interest to satisfy the allowance.

The order made came about in this manner. Patrick Yore died testate. His will gave to the plaintiff Sarah Walton a moderate annuity, and to his other surviving children a life interest in his very extensive estate, with remainder over to his grandchildren and their descendants, excepting the descendants of his deceased son William, who had been provided for in his lifetime. The defendant James Yore, one of the testator's sons, was made executor. The children

and grandchildren, who would have been benefited if the will were set aside, thereupon instituted the present action to contest the will, making the executor and devisees and legatees benefited by the will defendants. Jones was appointed by the court as guardian *ad litem* for seven of these minor defendants, and the action, owing to his efforts, resulted in upholding the will, to the great benefit of his wards in court.

Section 7182 of the Revised Statutes of 1889 provides that in suits for partition of real estate the courts may make a reasonable allowance to guardians *ad litem*, to be taxed and paid as other costs in the case, but this is the only express provision to be found in the statutes on the subject of an allowance to guardians *ad litem*.

It can not be seriously controverted that a guardian *ad litem*, appointed by the court for an infant defendant, is entitled to compensation. If the law were otherwise, the rights of infants would be at the mercy of any one who saw fit to invade them. The statutes, which make provision for the appointment of these officers, imply that they should be compensated, and the proper court to fix their compensation is the one which is the witness of their services. That proposition can not be gainsayed, and has been uniformly so decided. *In re Mathews*, 27 Hun, 254; *Gott v. Cook*, 7 Paige, 521; *Kerbaugh v. Vance*, 5 Lea (Tenn.), 113; *Wilbur v. Wilbur*, 138 Ill. 446; *McCue v. O'Hara*, 5 Redf. (N. Y.) 336; *Holloway v. McIlhenny Co.*, 77 Tex. 657; *Robinson v. Fidelity Trust Co.*, 11 S. W. Rep. 806; *Cole v. Superior Court*, 63 Cal. 86. Where the property or the fund of the infant is in court for disbursement, as it was in most of the cases hereinabove cited, there would seem to be no tangible reason why the court should not order such allowance to be paid out of the infant's interest in court. As

it is apparent from the nature of the litigation in this case, from the large amount at stake, and from the great benefit conferred upon the infants by the outcome of the litigation, that the amount of the allowance is reasonable, there seems to be no reason, why we should in any way interfere with that part of the order allowing the guardian *ad litem* the sum of $2,000 for the compensation of himself and his associate attorney.

When, however, we come to other parts of the order we encounter grave difficulties. An allowance of this kind does not stand upon the footing of costs, because, under our code, costs in all actions at law *must be* taxed against the unsuccessful parties, and the infant defendants in this case were the successful parties. Attorneys' fees can not be taxed in these cases in favor of a successful defendant against the unsuccessful plaintiff, and we can not see how the fact that the defendants are infants can change the rule. The only issue in these cases is *devisavit vel non*; hence the property devised is not before the court either for distribution or any other purpose, and any order of the court directly affecting the *property* is *coram non judice*.

The two cases cited from this state in no manner bear out the guardian's claim, that an order of this character is authorized. All that *Nagel v. Schilling,* 14 Mo. App. *576, decides is that services performed by a guardian *ad litem* for an infant defendant are necessaries, for which his estate should be held responsible in a proceeding properly conducted to that end. In *the matter of the St. Louis Institute of Christian Science,* 27 Mo. App. 633, the costs were taxed against the unsuccessful party, and the only question in the case was whether a certain item was properly taxable as costs. We have no doubt that the estate of the

infants in this case is responsible for the allowance made, and that such allowance can be enforced in a proceeding properly conducted to that end. It is true that the final result may not be different, and that the guardian may, in suing the infants for the allowance made in his behalf, be subjected to some expense and loss of time; this, however, in the present state of our statutes is unavoidable.

A further objection is made to the allowance, because it is one *in solido* against all the infants, instead of being made separately against each infant for the benefit conferred on him by the services of the guardian *ad litem*. This objection is based on the fact that the interests of the infants in the real estate are unequal, as under the terms of the will they take a remainder *per stirpes* and not *per capita*. This objection, however, is more fanciful than real. As the real estate charged, the title whereto has been preserved to the infants, is apparently the only fund to which the guardian *ad litem* can resort for his ultimate reimbursement, a sale of such real estate makes, in effect, each infant pay his proportionate share of the benefit received by the services of the guardian *ad litem*. The appointment of the guardian for all the infants was an entire thing, and the services of the guardian *ad litem* were rendered for their joint benefit; it is therefore, but proper that the allowance should be made against them *in solido*. This feature distinguishes the case from *Horstmeyer v. Connors*, 56 Mo. App. 115.

What has been hereinabove said will enable the guardian *ad litem* to adopt the proper proceeding for his reimbursement, as the form and amount of the allowance must be treated as an adjudicated matter, not subject to re-examination in any further proceeding. It is to be hoped that a method may be devised to satisfy this claim without subjecting the infants'

estate or the guardian *ad litem*, to much additional cost. It results that so much of the order as fixes the allowance of the guardian *ad litem* and makes the infants answerable therefor, is affirmed, but the residue of the order is reversed. Judge BOND concurs. Judge BIGGS is absent.