## JONES v. YORE *et al.*, *Appellants.*

### Division Two, December 7, 1897.

1. **Wills**: ALLOWANCE OF FEES TO GUARDIAN AD LITEM WITHOUT NOTICE TO WARD. Plaintiff was appointed guardian *ad litem* for the minor defendants in a will contest. The will was upheld, and final judgment was rendered, a motion for new trial filed, and plaintiff, without notice to the defendants, and before the motion for new trial was passed upon, filed his motion for an allowance of $2,000 for his services as guardian *ad litem*, and that such allowance be made a judgment against defendants. *Held*, that such judgment, without *notice* to the defendants, was void and was obtained without the "due process of law" required by section 30, article II, Constitution of Missouri, because the court had no jurisdiction over the persons of defendant. It is admitted that if such motion had been filed before *final judgment* in the will case, such judgment would not have been void for that reason, but *held*, also, that the motion for a *new trial* was not a suspension of the final judgment. *Held*, also, that such minor defendants were not *wards* of the court for the purpose of said motion *and* that the judgment, being personal against the defendants, can not be justified on the ground that it was *costs* in the will case.

2. ———: ALLOWANCES TO GUARDIANS AD LITEM. There is no statute in this State conferring upon the circuit courts the power to make allowance in favor of guardians *ad litem* except in cases for the partition of real estate. But the authority to allow them compensation for services rendered minors whose estates are about to be jeopardized, must be implied from the court's inherent powers to appoint such guardians, but such compensation is not in the nature of costs, but must be against the minors, and are justified on the ground that such services are a *necessary.*

*Appeal from St. Louis City Circuit Court.*—HON. DANIEL, DILLON, Judge.

REVERSED AND REMANDED.

*J. D. Johnson* for appellants.

(1) This appeal involves a constitutional question, and the same was properly transferred from the

court of appeals to this court. *State v. St. Louis Court of Appeals*, 97 Mo. 276; *Bennett v. Railroad*, 105 Mo. 644; *Baldwin v. Fries*, 103 Mo. 386; *State v. Rombauer*, 101 Mo. 499; *State v. Francis*, 95 Mo. 44; *Railroad v. Siefert*, 41 Mo. App. 35; Const. of Mo., art. VI, sec. 12. (2) The circuit court had no jurisdiction of the subject-matter of the motion on which the money judgment against the minor defendants was rendered in the will case, for the purpose of rendering that judgment; hence that, as well as the judgment in the case at bar, is void. As to want of jurisdiction of the subject-matter, see *State v. Smith*, 104 Mo. 419; *State v. Neville*, 110 Mo. 345; *Burke v. City*, 118 Mo. 319; R. S. 1889, sec. 8888; *McMahon v. McMahon*, 100 Mo. 97; *Young v. Ridenbaugh*, 67 Mo. 574; *Appleby v. Brock*, 76 Mo. 314; *Harris v. Hays*, 53 Mo. 96; *Babb v. Bruere*, 23 Mo. App. 606; R. S. 1889, secs. 2005, 2006, 2007, 7140, 7141, 7182. As to want of jurisdiction over the persons of the minor defendants, see *Roberts v. St. Louis*, 126 Mo. 460; *Anderson v. Brown*, 9 Mo. 646; *Roach v. Burns*, 33 Mo. 319; *Sevier v. Roddie*, 51 Mo. 580; *Napton v. Leaton*, 71 Mo. 358; *Bradley v. Welch*, 100 Mo. 258; Freeman on Judg. 499; *Thompson v. Railroad*, 110 Mo. 153; *George v. Middough*, 62 Mo. 549. (3) The court below having had no jurisdiction of the subject of the action or the persons of the minor defendants, at the time it rendered the money judgment against them in the will case, the effect of that judgment, as well as the judgment here, was to deprive the defendants of their property without due process of law, contrary to section 30, article II, of the State Constitution. *Dartmouth College v. Woodward*, 4 Wheat. (17 U. S.) 519; *Westervelt v. Gregg*, 12 N. Y. 209; 3 Am. and Eng. Ency. of Law, pp. 714, 715; Cooley's Const. Lim. [6 Ed.], pp. 356, 459. (4) The judgment against the minor defendants in the will case was void, because it

was in part for services rendered by the attorney whom the guardian *ad litem* employed to assist him in the defense of that case, while the guardian had no power to bind his wards, by contract or otherwise, to the payment of such services. That avoided the judgment at bar. *Houch v. Bridwell*, 28 Mo. App. 644; *Dillon v. Bowles*, 77 Mo. 603. (5) The two judgments in question were also void because the minor defendants were deprived of their right to a trial by jury of the question of liability to plaintiff for the $2,000 adjudged against them in the will case, contrary to the provisions of section 28, article II of the State Constitution.

*B. Schnurmacher* for respondent.

(1) Services performed by a guardian *ad litem*, commissioner, *amicus curiae*, or other person appointed by the court, are not voluntarily rendered, and the court making such appointment possesses the inherent power, independent of express statute, of allowing the person so aiding it a reasonable compensation for his services, to be taxed against the proper party. *Walton v. Yore*, 58 Mo. App. 562; *Kerbaugh v. Vance*, 5 Lea (73 Tenn.), 113; *Parsons v. Young*, 7 Lea (75 Tenn.), 293; *Wilbur v. Wilbur*, 138 Ill. 446; *Cole v. Superior Court*, 63 Cal. 86; *McCue v. O'Hara*, 5 Redf. (N. Y.) 336; *Holloway v. McIlhenny Co.*, 27 Tex. 657; *Hall v. Washington Co.*, 2 G. Green (Iowa), 473; *Webb v. Auditor*, 6 Ind. 13; Redf. on Practice in Surrog. Courts, p. 95; *Robinson v. Fidelity Trust Co.*, 11 S. W. Rep. (Ky.) 806; *In re St. Louis Inst. Christian Science*, 27 Mo. App. 633; *Roberts v. Railroad*, 33 N. Y. Sup. 685. (2) And the court may make such allowance a lien against the property protected, when the property is before the court. *Cole v. Superior Court*, 63 Cal. 86; *Persons v. Young*, 7 Lea (75 Tenn.), 293; *Gott v. Cook*,

7 Paige, 521. (3) "The proper defense of a suit against an infant is a necessary, for the cost of which his estate may be liable. A request for the defense of such a suit may be presumed from the necessities of the case." *Nagel v. Schilling*, 14 Mo. App. 576. (4) The appellants were not entitled to a jury. A party has no right to a jury upon the trial of a disputed fact involved in a mere motion. *Hensley v. Baker*, 10 Mo. 157.

BURGESS, J.—This is an action by plaintiff to recover against defendants the sum $2,000 which was taxed in his favor by the circuit court of the city of St. Louis for services rendered defendants as their guardian *ad litem* in a proceeding to contest the validity of the will of Patrick Yore, their deceased grandfather. There was judgment in favor of plaintiff for the sum claimed, from which defendants were granted an appeal to the St. Louis Court of Appeals, and the cause was by that court transferred to the Supreme Court upon the ground of there being involved a constitutional question.

On November 19, 1890, a suit was begun in the circuit court of St. Louis to set aside the will of Patrick Yore in which his children were plaintiffs, and the defendants herein, his grandchildren, all of whom were minors, were defendants. These defendants were all duly served with process, and thereafter the plaintiff, by an order of court duly entered of record, was appointed to act as their guardian *ad litem* in the cause. The guardian *ad litem* filed an answer on behalf of the minors, and on March 4, of the February term, 1893, of said court there was a verdict and judgment in favor of defendants sustaining the will. Real property of value of several hundreds of thousands of dollars was involved in that litigation.

On March 17, 1893, the plaintiffs in that case filed

a motion for a new trial, which was continued until October 2, 1893, when it was withdrawn. While the motion for a new trial was pending and undetermined, to wit; on June 1, 1893, the guardian *ad litem*, plaintiff here, filed his motion in writing in said cause, in which he moved the court to grant him a reasonable allowance for his services and for the services of his attorney, William C. Jones, and to tax said allowance as costs in the proceeding, and to declare the same as a lien against the real estate involved in that litigation. At the October term, 1893, to wit, November 18, 1893, the court sustained the motion and made an order allowing plaintiff the sum of $2,000 against said minors and directing that the same, if not otherwise paid, be recovered out of the interest in the real estate belonging to them, and which was involved in the will contest. The minor defendants were not served with notice of the filing of said motion.

An appeal from that judgment was taken by said minor defendants to the St. Louis Court of Appeals and that court on May 22, 1894, rendered its opinion affirming the judgment of the circuit court as to the allowance of $2,000 to the guardian *ad litem* but reversed that part of the judgment which provided "that if the same be not otherwise paid, that then the same shall be recovered out of the interest of said minor defendants in the following described real estate," and awarding special execution. *Walton v. Yore et al.*, 58 Mo. App. 562.

This action is predicated upon the judgment rendered by the circuit court in that case, and which was affirmed by the St. Louis Court of Appeals. On the trial of the case in hand the facts substantially as herein stated were made to appear.

The case was tried by the court, and at the close of plaintiff's evidence the defendants asked the court

to declare the law to be follows: "That under the pleadings and evidence the plaintiff is not entitled to recover." The court refused to so declare the law, and defendants duly excepted.

At the close of all the evidence defendants asked the court to declare the law to be as follows: "The court declares the law to be that under the pleadings and the evidence in the case, the allowance or judgment sued on by plaintiff in this action is void, because the court rendering the same had no jurisdiction of the persons of defendants against whom it was rendered, or of the subject-matter thereof, in the action in which it was rendered for the purpose of rendering the same; and the judgment as rendered is contrary to the provisions of section 30, article II of the Constitution of Missouri; and that therefore a verdict should be found in favor of the defendants herein." This declaration of law was also refused and defendant duly excepted.

On March 5, 1895, the court found the issues joined herein in favor of the plaintiff, and rendered judgment against the defendants for the sum of $2,146, that being the amount of the judgment sued upon, together with accrued interest. Defendants then filed motions for a new trial, and in arrest, which were overruled, and they perfected their appeal.

It is insisted by defendants that the circuit court had no jurisdiction of either the subject-matter of the motion, or the persons of the minor defendants, for the purpose of rendering the money judgment which it rendered against them in the will suit. That the effect of the judgment was to deprive them of their property without due process of law contrary to section 30, article II of the State Constitution, and for that reason the judgment was void and could not lawfully be made the basis of another action, and that the judgment of the court below in this case is likewise

violative of the same constitutional provision and void also.

"Due process of law" and "law of the land" are synonymous terms, and mean the same. There are many definitions of "due process of law," which, while differing in the language used, do not differ in their scope and meaning. "The better and larger definition of due process of law," says Chancellor Kent [2 Kent's Com. 13.], "is that it means law in the regular course of administration through courts of justice." In *Bertholf v. O'Reilly*, 74 N. Y. 519, it was said: "In judicial proceedings, due process of law requires notice, hearing and judgment." See, also, *People ex rel. Witherbee v. Supervisors*, 70 N. Y. 228.

Mr. Justice COOLEY, in his work on Constitutional Limitations [6 Ed.], p. 491, says: "Individual citizens require protection against judicial action as well as against legislative; and perhaps the question, what constitutes due process of law, arises as often when judicial action is in question as in any other cases. . . . . . . The proceedings in any court are void if it wants jurisdiction of the case in which it has assumed to act. Jurisdiction is, *first*, of the subject-matter, and *second*, of the person whose rights are to be passed upon. A court has jurisdiction of any subject-matter if, by the law of its organization, it has authority to take cognizance of, try and determine cases of that description. If it assumes to act in a case over which the law does not give it authority, the proceeding and judgment will be altogether void, and rights and property can not be divested by means of them." The same author says, page 431: "Perhaps no definition is more often quoted than that given by Mr. Webster in the *Dartmouth College* case." (4 Wheat, 518.) "By 'the law of the land' is most clearly meant the general law; a law which hears before it condemns; which proceeds

upon inquiry and renders judgment only after trial.
The meaning is that every citizen shall hold his life,
liberty, property and immunities, under the protection
of the general rules which govern society." *Clark v.
Mitchell et al.*, 64 Mo. 564.

That defendants had no notice of the purpose of
plaintiff to ask the trial court to make him an allow-
ance for his services as their guardian *ad litem* in the
will case seems to be conceded by all parties. If, there-
fore, it was necessary that they should have had such
notice, the allowance made by the court was void, be-
cause of the want of jurisdiction over the persons of
defendants. But it seems to be contended by plaintiff
that the court, having acquired jurisdiction over de-
fendants in the will contest, it retained that jurisdiction
for the purpose of the allowance; that the defendants
were the wards of the court which had the power to act
for them in such matter, and whose duty it was to do
so. No rule of law is better settled than that when a
court acquires jurisdiction of the parties to a suit it
retains that jurisdiction until the case is finally dis-
posed of, and that they are bound to take notice of all
proceedings in the cause before final judgment, but
after final judgment they are not regarded as being
before the court and must have notice. *Roberts v. St.
Louis Merchants' Improvement Company*, 126 Mo. 460; 1
Freeman on Judgments [4 Ed.], secs. 142, 143; *Fithian
v. Monks*, 43 Mo. 502; *Janney v. Spedden*, 38 Mo. 395.

Now, as has been seen, final judgment had been
rendered in the will case before the motion for allow-
ance was filed. The motion for a new trial for the
purpose of the motion for allowance was not a sus-
pension of the judgment, and the defendants must
have had notice of the filing of the motion for allow-
ance unless because of the fact that they were wards of
the court it was unnecessary, to which we are unable to

give assent. "Where a judgment or decree is sought creating a personal charge against an' infant child or affecting directly its property rights notice must be served upon it, for without some notice there is no jurisdiction in such cases." 1 Elliott's Gen. Prac., sec. 246. SHERWOOD, P. J., in speaking for the court, in *The State ex rel. Lemon v. Buchanan Board of Eq.*, 108 Mo. 235, said: "There is no principle more elementary or fundamental than that no one can be passed upon either in his person or estate, without being first given an opportunity to be heard. . . . . . . . Even if a statute contain no provision for, or mention of, notice, the law will imply that notice is requisite." See, also, *Brown v. Weatherby*, 71 Mo. 152; *Wickham, Adm'r, v. Page*, 49 Mo. 526; *Laughlin v. Fairbanks*, 8 Mo. 370.

When plaintiff filed his motion he assumed toward defendants an entirely new and different attitude from that of guardian *ad litem*. Instead of being the protector and guardian of their interests, he assumed that of adversary; he became, as it were, plaintiff, instead of guardian *ad litem*, yet they had no notice of his dual position or of the change of his status toward them. The allowance was collateral to the will case; it was for a personal judgment against defendant for $2,000. It can not be justified upon the ground that it was cost in that case; nor could defendants have been expected to anticipate that such a course would be taken by one who had theretofore occupied toward them the position that plaintiff did.

From what has been said, it follows that the allowance was void for the want of jurisdiction of the defendants.

The next question is as to the power of the trial court to make the allowance if the proper steps had been taken. The power to appoint the guardian *ad litem* is not questioned, but the power to make him an

allowance against his wards for services rendered by him as such guardian is denied. There is no statute in this State conferring upon the circuit courts the power to make an allowance in favor of a guardian *ad litem* except in cases for the partition of real estate; then the allowance is to be taxed and paid as other costs in the case. R. S. 1889, sec. 7182. So that such an allowance as the one under consideration must depend for its validity upon the inherent or implied power of the court to make it. It was said in *Walton v. Yore*, 58 Mo. App. 562, that: "It can not be seriously controverted that a guardian *ad litem*, appointed by the court for an infant defendant, is entitled to compensation. If the law were otherwise, the rights of infants would be at the mercy of anyone who saw fit to invade them. The statutes, which make provision for the appointment of these officers, imply that they should be compensated, and the proper court to fix their compensation is the one which is the witness of the services. That proposition can not be gainsaid, and has been universally so decided." *Nagel v. Schilling*, 14 Mo. App. 576, was a suit by attorneys for compensation for services as such rendered the guardian *ad litem* of the infant defendants in another case, and it was ruled that the proper defense of the suit against the infants was a necessary, for which their estates should be held answerable in a proceeding properly conducted for that purpose, and that plaintiffs were entitled to recover for such services although no allowance had been made by the court therefor. Several States have statutes which authorize their courts to make allowances in favor of guardians *ad litem* to be paid out of the estates of infants under similar circumstances. Among them are California, Tennessee, Kentucky, New York, and Texas. And for that reason the decision of the courts of those States which have been cited are not in point

here. Nor are the cases of *Houck v. Bridwell et al.*, 28 Mo. App. 644; *Dillon v. Bowles*, 77 Mo. 603, and *Kelley v. Andrew County*, 43 Mo. 340, in conflict with the *Walton* and *Nagel* cases.

The *Houck* case decides nothing more than that "one acting as next friend for an infant in litigation, has no authority to bind the infant by a contract for attorney's fees." So in the *Dillon* case it was held that a minor heir who was a party to the suit, and although benefited by the result equally with others who were parties thereto, was not bound either at law or in equity to contribute to the payment of the fee of an attorney who had been employed in the case. In the *Kelley* case, the facts were that Kelley was appointed by the court in which the case was pending to defend a man who was under indictment for murder, and was unable to employ counsel, and after having defended him, Kelley brought suit against Andrew county in which the case was tried for the services rendered by him, and it was held that he could not recover. That case differs from the one in hand in the very important fact that the action was not against the defendant for whom the services were rendered, nor were they rendered at the instance of the county.

In this case the defendants were not capable of contracting; they had no guardian, and as it was the court's duty in order that their interest might be protected, to appoint for them a guardian *ad litem*, by whose skill and ability there was secured to them a large estate which otherwise might have been lost, the services were not gratuitous, but were by order of court, and having been thus rendered, the power and authority to allow the guardian *ad litem* compensation for his services must be implied from the power to appoint, as one of the court's inherent powers. The allowance could not be made, however, upon the theory that it

was cost, for the defendants were the prevailing party in the will case; and were entitled to recover their costs (R. S. 1889, sec. 2920), but may be justified and maintained upon the ground that the services were a necessary in order to protect the interest of defendants which were at the time of the appointment being jeopardized. In this view of the case we think it is immaterial whether the allowance was valid or not, as in any event the plaintiff will be entitled to recover on another trial, whatever he may be able to show his services were reasonably worth.

For error in refusing the declarations of law asked by defendants the judgment is reversed and the cause remanded.   GANTT, P. J., and SHERWOOD, J., concur.