JONES v. YORE et al., Appellants.

**In Banc, June 30, 1900.**

Guardian ad Litem: SUIT AGAINST MINORS FOR FEE. A guardian *ad litem*, who has been appointed such to protect the interests of minors in a suit to set aside a will, is entitled to compensation for his services, and can maintain suit against them therefor after proper summons to the action.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher*, Judge.

AFFIRMED.

*J. D. Johnson* for appellants.

(1) Neither the statute under which the respondent was appointed guardian *ad litem* in the will case, nor any other statute, gives to him a right of action against his wards for services rendered by him as such guardian. Art. 2, chap. 33, R. S. 1889. (2) Sections 2005, 2006 and 2007 Revised Statutes, provide for the appointment of guardians *ad litem* for minor defendants in civil cases other than partition cases; but nowhere is provision made for the allowance or payment of fees to such guardians for their services. At the same time, sections 7140 and 7141 provide for similar appointments in partition suits, and section 7812 expressly authorizes the court in such suits to make reasonable allowances to guardians *ad litem* therein for their services, and to tax the same as costs in the case. Other provisions of the statute also prescribe compensation for general guardians. These latter provisions, according to well known rules of construction, by

implication exclude the idea that the Legislature intended that such guardians *ad litem* in other than partition cases should be compensated in any way. (3) A guardian *ad litem* is an officer of the court which appoints him, and where he is appointed by the court on its own motion, under authority of Revised Statutes 1889, sec. 2007, his appointment is in aid of the litigation, and to that extent he is a public officer and performs a public service.   Such a guardian therefore is not entitled to compensation, unless expressly provided for by statute.   This court has said upon the point: "It is well settled in this State that no officer is entitled to fees of any kind, unless provided for by statute, and that the law conferring such right must be strictly construed."   State ex rel. v. Wofford, 116 Mo. 223; Shed v. Railroad, 67 Mo. 687; Gammon v. Lafayette Co., 76 Mo. 675; Kelley v. Andrew Co., 43 Mo. 338; Ford v. Railroad, 29 Mo. App. 616; State v. Baldwin, 14 S. C. 135; Anderson v. Jefferson, 25 Ohio St. 13; Railroad v. Lee, 37 Ohio St. 479.   The same rule applies to the allowance of costs and fees generally.   Shed v. Railroad, *supra*; Gordon v. Maupin, 10 Mo. 353; Crawford v. Brandt, 58 N. Y. 108; St. Louis v. Meintz, 107 Mo. 615; Houts v. McCluney, 102 Mo. 13; Hoover v. Railroad, 115 Mo. 77; Ring v. Paint Co., 46 Mo. App. 374; State ex rel v. Oliver, 116 Mo. 188; St. Louis v. Meintz, *supra*.   (4) But if it be held, as the trial court has held in this case, that the statute gives to guardians *ad litem* chosen by the court in civil cases, without the consent of their wards, the right to demand and recover from the wards compensation for services as such guardians, then the statute is in contravention of sections 20 and 30, article 2 of the State Constitution, and section 1 of the 14th Amendment to the Federal Constitution, and therefore void.   Cooley on Const. Lim. (6 Ed.), pp. 356, 439; 3 Am. & Eng. Ency. of Law, pp. 714, 715; Dartmouth College Case, 17 U. S. 519; Westervelt v. Gregg, 12

N. Y. 209; State v. Julow, 129 Mo. 163; Railroad v. Nebraska, 164 U. S. 403; Railroad v. Chicago, 166 U. S. 233.   (5) If, on the other hand, plaintiff has a valid claim against defendants for his services, it can only be for services as guardian, and not for services rendered by him as an attorney.   A guardian *ad litem,* as a trustee, has limited and prescribed duties; and if he be an attorney, and in the execution of his trust renders legal services for his ward, he is not entitled to be recompensed for the same.   Gamble v. Gibson, 59 Mo. 585; State ex rel. v. Hunt, 46 Mo. App. 623; Condit v. Flower, 47 Mo. App. 514; Morgan v. Hannes, 45 N. Y. 667; Taylor v. Wright, 93 Ind. 121; Hough v. Howry, 71 Ill. 72; Perry on Trusts (4 Ed.), sec. 432.   (6) The decision rendered by this court on a former appeal (142 Mo. 38) does not prevent a review now of the question decided by that appeal.   Rutledge v. Railroad, 123 Mo. 121; Chambers v. Smith, 30 Mo. 156; Grumley v. Webb, 48 Mo. 562; Boone v. Shackleford, 66 Mo. 493; Lackland v. Smith, 75 Mo. 307.

*W. C. Jones* for respondent.

(1) This question is *res adjudicata* between the parties to this action and it is unnecessary to reargue it.   Parties can not, on a second appeal, question the law announced on the first appeal.   Baker v. Railroad, 48 S. W. 838; Chapman v. Railroad, 48 S. W. 646; Stevens v. Kansas City, 48 S. W. 658.   (2) No provision of either the State or Federal Constitution has been contravened by the action herein of the trial court.   Davidson v. New Orleans, 96 U. S. 97; Holden v. Hardy, 169 U. S. 366; Holland v. Depriest, 31 S. W. 928; Railroad v. Railroad, 39 S. W. 471.

SHERWOOD, J.—This case has been here before (142 Mo. 38) and is an action brought by plaintiff to recover from

defendants a sum of money for services rendered by him as guardian *ad litem* in a certain cause in the circuit court of St. Louis in which the will of their grandfather, Patrick Yore, was contested, his children being plaintiffs and the present defendants, his grandchildren, all of whom were then minors, being defendants. Soon after his appointment the guardian *ad litem* filed answer and conducted the defense so successfully, that there was a verdict and judgment establishing the will, whereby real estate to the value of nearly $400,000 was saved to the minors, defendants in that suit.

The judgment of allowance made in the circuit court in favor of the guardian *ad litem* for the sum of $2,000 was reversed, when the cause was taken to the St. Louis Court of Appeals on the appeal of the minors (Walton v. Yore, 58 Mo. App. 562), so far as concerned making that judgment a lien on the real estate of the minors, but otherwise affirmed.

Thereupon, suit was brought on said judgment against said minors. The case was tried by the court, and which denied a declaration of law offered by defendants, to the effect that the court had no jurisdiction over the persons of defendants to render the judgment of allowance, and that such judgment so rendered infringed the provisions of section 30 of article 2 of the Constitution of this State. The court then found the issue for plaintiff for the amount sued for with interest, and upon this defendants appealed to this court, which reversed the judgment on the ground that defendants had not been notified, and therefore, the circuit court had no jurisdiction to render the judgment of allowance in the first instance, nor, of consequence, a judgment on that void judgment.

But it was also held by this court that the power to appoint a guardian *ad litem* necessarily carried with it the power to compensate him for his services, and that such

services were necessary in order to give proper protection to the minors.

Acting upon these views of this court, plaintiff brought suit in the circuit court; the minors were summoned in the action, and plaintiff obtained a verdict for the sum of $2,000, on which judgment was entered.

Plaintiff having by this course obviated the objection which prevailed against him on a former occasion, it only remains to say we affirm the judgment.   All concur.