Irvin S. DRURY, Mary Ellen Drury and Keith Scott Drury, minors, by Irvin S. Drury, their next friend, Plaintiff,

v.

Victor Anthony SIKORSKI and Francis L. Nenninger and the Farmers Insurance Exchange, Defendants,

Victor Anthony Sikorski, Defendant-Appellant,

and

Francis L. Nenninger, Defendant-Respondent.

No. 32592.

St. Louis Court of Appeals.

Missouri.

Sept. 19, 1967.

Joseph A. Fenlon, Clayton, for plaintiff.

Carter, Fitzsimmons & Brinker, Clayton, for defendant Farmers Ins. Exchange.

Armstrong, Teasdale, Kramer & Vaughan, John J. Cole, Fred Leicht, Jr., St. Louis, for defendant-appellant Victor Anthony Sikorski.

Lusser, Hughes & Lusser, Rene E. Lusser, St. Louis, for defendant-respondent Francis L. Nenninger.

OPINION FILED

WOLFE, Judge.

This is an appeal by defendant Sikorski from an after judgment order awarding and taxing as costs attorney's fees for a guardian ad litem who acted as attorney for Sikorski's co-defendant Nenninger who was a minor and uninsured.

The suit was brought by Drury on behalf of himself and, as next friend, for his two minor children. The action against defendants Sikorski and Nenninger involved a three car collision. Drury sought damages arising from personal injuries to himself and, as next friend, damages for injuries alleged to have been suffered by the two children. He also sought recovery for property damage to his car.

He alleged in his petition that he was driving his car south on South Broadway in the City of St. Louis approaching the intersection of Bates Avenue. He charged that defendant Sikorski who was driving his car northwardly on South Broadway suddenly swerved and crossed the center line of

Broadway striking the left front side of plaintiff's car. He further alleged that defendant Nenninger who had been following Sikorski's car struck the rear end of it and again forced it into collision with plaintiff's car.

The minority of Nenninger was suggested and the court appointed Rene E. Lusser to act as guardian ad litem. Mr. Lusser consented to act. He represented Nenninger, who was not insured, throughout the trial as his attorney.

The only evidence given at the trial of the case, which has been sent up in the transcript filed, is the testimony of defendant Nenninger. He was seventeen years of age at the time of the collision. He was driving his own automobile northwardly on South Broadway. There were three lanes for northbound traffic but parking was permitted in the curb lane. The same situation prevailed regarding southbound traffic. He was driving his car in the lane nearest the center line and there was a car ahead of him in the same lane. The car ahead slowed down almost to a stop and Nenninger could not stop his car in time to avoid hitting it in the rear.

At the close of all of the evidence there was a voluntary dismissal of plaintiff's action on behalf of one of his children. There was a verdict and judgment against both defendants in favor of Drury in the sum of $500.00 and in favor of one child in the sum of $100.00. There was no appeal from the judgment.

Twenty days after a motion by plaintiff for a new trial, as to damages only, had been overruled, Mr. Lusser filed a "Motion for Retaxation of Costs." The motion that he filed recited that the movant had been appointed guardian ad litem and had accepted the appointment and had acted both as guardian ad litem and attorney for Nenninger, a minor. It requested an allowance for the services so rendered and that these be taxed as costs.

Mr. Lusser testified at a hearing on the motion that his services as attorney for Nenninger were reasonably worth $950.00. He also stated that at the time of his appointment the minor and his stepfather agreed that they would do their best toward paying his fee. He stated he had written his client at the place of his last known employment but had received no response to his letter. At the conclusion of the hearing the court sustained the motion and awarded the movant $950.00 as attorney's fees to be taxed as costs.

It is contended by the appellant that the court erred in that there is no statutory nor inherent power to order the award of attorney's fees to Mr. Lusser or that they should be taxed as costs. It is asserted that the effect of the order would erroneously impose upon the insured defendant liability for the attorney's fees for the uninsured minor. There is no doubt that if the order is a valid order its effect would impose upon defendant Sikorski liability for the fees of an attorney who at no time represented him.

It should be said at the outset of our consideration of the issues here presented that no question is raised as to the reasonableness of the amount of the fee awarded Mr. Lusser and it is conceded that he gave his ward able representation.

The question of payment of fees for a guardian ad litem who also acts as attorney for a minor defendant is a vexing one. The respondent, in seeking to support the taxation of his fee as costs against the defendant, relies upon Rule 52.02 (i) (k) and Rule 77.06, Missouri Supreme Court Rules of Civil Procedure. Rule 52.02 (i) (k) relates to the appointment of a guardian ad litem for infant defendants and as to that no issue is before us for the appointment was regularly made. Rule 77.06, V.A.M.R. simply states:

"In all civil actions, or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in

those cases in which a different provision is made by law."

This quite obviously is a provision for the prevailing party to recover his costs. In the case here under consideration the plaintiff prevailed. The respondent argues that the costs therefore are chargeable against the defendants and his fees are properly so chargeable.

Among the cases cited by both the appellant and respondent, involving minor parties, is Ragan v. Looney, Mo., 377 S.W.2d 273. That case concerned in part a suit for attorney's fees by a lawyer who had been appointed guardian ad litem and had acted in that capacity and as attorney for some minor defendants. In the original action the minor defendants prevailed. After final determination of that action wherein the lawyer's services were rendered the court fixed his fee for his services at $500.00. This order was set aside by the trial court for the stated reason that the court was without jurisdiction " ' * * * over said minors for the purpose of rendering said judgment.' " At the next term of court the lawyer brought the suit considered in Ragan v. Looney, supra, and was awarded the judgment of $500.00. Commenting on the allowance made in the original action the court considered the subject of such allowance to some extent and stated at l.c. 276:

" * * * It was the duty of the court, after commencement of the suit and service of process, to appoint a guardian ad litem for the minor defendants (V.A.M.S. § 507.190) and that, admittedly, the court did. And it may be, as a general rule, as the respondents now contend, that a guardian ad litem is entitled to no other fee than 'that which is taxed as part of the costs in the proceeding.' 27 Am.Jur., (Infants) § 126, p. 846. But fees or costs chargeable as 'remuneration eo nomine' are those allowed strictly for services in his capacity as guardian. Annotation 9 A.L.R. 1537. A court appointed guardian ad litem may of course employ counsel (Nagel v. Schilling, 14 Mo.App. 576) but if the guardian is also a lawyer he may also act as counsel for his wards and if he does and the services were necessary he is entitled to a reasonable fee for his services in that capacity or for his combined services. * * *

"Costs are statutory allowances to a party to an action for his expenses and there is no statute, except in partition, authorizing the allowances to a guardian ad litem as costs. Nevertheless, in particular actions such allowances, even in the absence of express statute, have been assessed as costs. Annotation 'Allowance of fees for guardian ad litem appointed for infant defendant, as costs' 30 A.L.R. 2d 1148. While there is no general statutory authority for fees to guardians ad litem, the duty of the court to appoint necessarily implies the obligation to pay and the power of the court to fix reasonable compensation. Jones v. Yore, 142 Mo. 38, 43 S.W. 384; Jones v. Yore, 158 Mo. 83, 57 S.W. 1134. And if there is property or a fund in court for disbursement 'there would seem to be no tangible reason why the court should not order such allowance to be paid out of the infant's interest in court.' Walton v. Yore, 58 Mo.App. 562, 565; Tracy v. Martin, 363 Mo. 108, 249 S.W.2d 321. There was no fund in this case and while the subject matter of the Hellman litigation was the land it is not claimed that it was so in the hands of the court that it could by the court's mere decree be subjected to the payment of Mr. Pufahl's fee."

Three of the other cases to which we have been cited are Walton v. Yore, 58 Mo.App. 562; Jones v. Yore, 142 Mo. 38, 43 S.W. 384, and Tracy v. Martin, 363 Mo. 108, 249 S.W.2d 321. These cases were considered and the pertinent parts of them stated in Ragan v. Looney, supra. None of them factually deal with taxing attorney's fees of guardian ad litem as costs.

The respondent cites us to M.F.A. Mutual Insurance Co. v. Alexander, Mo.App., 361

S.W.2d 171. In that case the plaintiff insurance company sought a declaratory judgment holding that it was not required under its policy to defend some suits brought against a minor defendant. The trial court found against the plaintiff insurance company and granted an attorney who had acted both as guardian ad litem and attorney for minor defendant, a fee of $350.00. Upon appeal the judgment of the trial court holding that the minor defendant was insured was reversed but the appellate court affirmed the attorney's fees allowed and allowed them to remain taxed as costs against the plaintiff who prevailed upon the appeal. The ratio decidendi of that case as it relates to the taxing of attorney fees as costs against the prevailing plaintiff is unstated. The facts however distinguish it from the case at hand for it in no way involves a co-defendant.

The subject of an allowance of such fees as costs is covered extensively in 30 A.L.R. 2d 1157, §§ 8 and 9. Most of the cases therein considered, regarding assessing such fees as costs, deal with particular actions, rules or statutes with which we are not here concerned. Of interest is Bruni v. Vidaurri, 140 Tex. 138, 166 S.W.2d 81, wherein the court stated, 1. c. 96:

"* * * When there is another defendant or other defendants than the minor or the party cited by publication, no part of the fee should be taxed against the other defendant or defendants unless facts or circumstances are shown by the record from which it clearly appears that he or they should, in fairness, be required to pay part or all of the fee. * * *"

In reliance upon the above statement the Texas Court of Appeals in Clark v. Coulson, Tex.Civ.App., 351 S.W.2d 538, 1. c. 552, did assess as costs the allowance made for guardian ad litem for some minor defendants against their father who was a co-defendant. This was done on the theory that it was the "fair" thing to do.

It appears that equitable considerations enter into many such cases but here there is neither law nor any equitable principle that would support the taxing of Nenninger's attorney's fees as costs for which his co-defendant would be liable. For this reason other points raised need not be considered and the order of the trial court is reversed.

ANDERSON, P. J., and RUDDY, J., concur.