UIHLEIN, Respondent, vs. ALBRIGHT and others, Appellants.

*January 21—February 15, 1944.*

*Charles D. Ashley,* attorney, and *George A. Gessner,* guardian *ad litem,* both of Milwaukee, for the appellants.

For the respondent there was a brief by *Whyte, Hirschboeck, Minahan & McKinnon* of Milwaukee, and oral argument by *Malcolm K. Whyte.*

FOWLER, J.   The case is an appeal by the existing trustees, the defendant life tenant and defendants having a contingent interest in remainder of an *inter vivos* trust, from an order of the circuit court for Milwaukee county allowing the plaintiff, one of the original trustees created by the trust instrument, who had, after thirty-five years of continuous and faithful service, resigned his trust by resignation addressed and de-

livered to his cotrustees, and after appointment by the court of his successor trustee, brought an action to have the account of himself and his cotrustees approved and his liability as trustee discharged.

The trust was created by deed of Henry Uihlein executed in April, 1908. The corpus of the estate was originally valued at $1,500,000. The account submitted was admitted by the existing trustees to be correct. No objection to the account or to the plaintiff's discharge from liability has been made by anybody. The only appeal is from portions of the judgment allowing the plaintiff $500 as attorney fees for procuring the approval of his account and his discharge from liability as trustee, and allowing a fee of $200 to the guardian *ad litem* appointed for minors having a contingent interest in the corpus of the trust. The trust deed gave to a daughter of the trustor, Mrs. Albright, the income of the trust estate during her life, with power to appoint to whom the remainder should go, and with remainder to her heirs in case she did not exercise the power of appointment. The trustees named in the trust deed were the plaintiff, the trustor's son, Herman A. Uihlein, and Morse Rohnert, the trustor's son and son-in-law. The trustees named signified their acceptance of the trust by signing the deed and entered upon their duties. Morse Rohnert died in 1911 and by the terms of the trust deed was succeeded by Charles E. Albright, husband of the life beneficiary. Herman A. Uihlein resigned in 1925 and Waldemar S. J. Kopmeier, by the terms of the trust deed, succeeded him. Mr. Kopmeier resigned on December 3, 1942. The plaintiff resigned November 30, 1942. In February, 1943, Laura U. Albright, the life tenant, and Marion A. Tallmadge, her daughter, were appointed by the circuit court as trustees to succeed the plaintiff and Mr. Kopmeier. The other defendants are Lorraine A. Flint, a daughter, Walter David Tallmadge, Edward S. Tallmadge, and Charles A. Flint, minor grandsons of Mrs. Albright.

The claim of the appellants that the resigning trustee is not entitled to be allowed the expense of securing his discharge is based primarily on a ruling of a surrogate court in *In re Bevier's Estate,* 17 Misc. 486, 490, 41 N. Y. Supp. 268, decided in 1895, which holds that a testamentary trustee, who resigns before completion of his trust, "must pay the costs of the petition and of the appointment of his successor." It is to be noted however that in that case a "special guardian" of minors was allowed $50 for his costs and a stenographer was allowed her fees, both payable out of the funds of the estate. The opinion recites that the rule stated was announced in *Matter of Jones* (1847), 4 Sanf. Chancery Rep. 615 (N. Y.), and that it had been followed ever since. English cases are cited in *Matter of Jones* in support of the rule. But in *Courtenay v. Courtenay* (1846), 8 Sugden's Dec. 3 Jones & La Touche, 519, 529, it is said of this rule:

"That has been the rule of courts of equity as long as I can remember; but every judge must necessarily come to a conclusion, in each case, whether the conduct of the trustee, in the particular instance, falls within the rule."

It thus appears as would seem on reason to be the rule that circumstances may exist which justify allowance of attorney fees to a resigning trustee. And in *In re Delamater's Will* (1934), 266 App. Div. 200, 41 N. Y. Supp. (2d) 715, the latest ruling on the point by the New York courts called to our attention, a resigning trustee although not allowed anything as commission for turning over funds to his successor trustee, was allowed $500 for attorney's services performed. Whether anything was allowed for service in the then instant proceeding for approval of the trustees' account as distinguished from service theretofore performed does not appear. That a trustee may on his own motion and for his own protection present his account and secure the approval of the court having jurisdiction to administer the trust would seem to be not

subject to dispute. *In re Rothenberg,* 129 N. J. Eq. 377, 19 Atl. (2d) 639.

We do not find that the precise point here involved has been passed on by this court. The case of *Stephenson v. Norris,* 128 Wis. 242, 263, 107 N. W. 343, is relied on by appellants but it does not reach the point of payment of attorney fees of a resigned trustee seeking discharge from liability. The thing that is there disapproved is "the habit of ordering the payment of counsel fees, other than the executor's, in such cases [construction of wills] where the parties are *sui juris.*" The case, however, does touch the matter of guardian *ad litem* fees, and says they cannot be allowed out of the estate of the decedent but should be allowed out of the share of those for whom the guardians were appointed. This however is not a case for construction of a will, or of a trust deed, and we do not see that the rule of the *Norris Case, supra,* applies.

However, if by analogy the rule of *Stephenson v. Norris, supra,* does apply to guardian *ad litem* fees, it does not affect the instant case. The rule of that case is based particularly on *Tyson v. Richardson,* 103 Wis. 397, 79 N. W. 439; *Tyson v. Tyson,* 96 Wis. 59, 71 N. W. 94. Reference to those cases shows that the remainder of the estate there involved was made eventually liable for the guardian *ad litem* fee involved, to whomsoever it should go. The interest the guardian *ad litem* was protecting, there as here, was the remainder after termination of a life estate, and those interests as here were both contingent, possibly many and undeterminable until the death of the life tenant. If the rule of that case were here applied the guardian *ad litem* would have to wait for his fee until the death of Mrs. Albright. His fee would be adjudged a lien upon the remainder and then be enforced against the owners of the remainder whom Mrs. Albright appointed to take after her death or her heirs if she did not exercise her power of appointment. But here Mrs. Albright's children and grandchildren, who have the contingent interest, cannot

complain as to the guardian *ad litem* fees because the trial court adjudged them paid out of the income of the trust to which Mrs. Albright is entitled and they will never be called upon to pay them. And Mrs. Albright cannot complain because the record shows that the attorney for her and the other appellants suggested to the court that the fee if not paid by the plaintiff should be paid out of the income rather than the corpus of the trust, and the court complied with the suggestion. We see no reversible error in allowance of the fee of the guardian *ad litem*.

Counsel contends that the correct practice would have been for the plaintiff to present his account before resigning in connection with a petition for leave to resign and appointment of a successor. Such course is authorized under sec. 231.25, Stats., which expressly so provides as to a trustee and declares that the court may "accept his resignation and discharge him from the trust under such regulations as shall be established by the court for that purpose and upon such terms as the rights and interests of the persons interested in the execution of the trust may require." This would seem to imply that the court in such a proceeding may allow the resigning trustee the reasonable expense he was put to in preparing and presenting his account, if the facts seemed to the court to justify the resignation.

In case of death of a trustee the trust estate would necessarily have to stand the expense of procuring the appointment of a successor, and it would seem that the court might put that expense on the estate in case of resignation as well as in case of death if the circumstances seemed to the court such as to justify the resignation. The trust deed by its terms recognized that the trustees named might resign, and named two sons-in-law as their successors in case of their death or resignation, and attempted to provide for further necessary appointments by the county court. But as the county court has no jurisdiction of trust matters except as to trusts provided by will,

and as the circuit court under secs. 231.24 *et seq.,* Stats., and its equity power has such jurisdiction, the circuit court had to act in making the last two appointments.

Although the plaintiff did not present a petition in accordance with sec. 231.25, Stats., whether through want of advice or through ignorance of the statute or because he considered leave of the court unnecessary to authorize his resignation, we see no reason why he might not subsequently by action brought for that purpose secure from the court approval of his resignation and of his accounts and be discharged of liability as has been here done, or why, if the court deemed the circumstances shown by the record such as to justify his resignation, it should not allow him the expense consequent upon such action, as the surviving trustees would have been required to procure the appointment of a successor and approval of his accounts had the plaintiff died. No extra expense was occasioned because the action of the court has been obtained through a summons and complaint instead of through petition and order to show cause, if the latter would have been proper and more appropriate.

The plaintiff's successor was appointed by the court, and thus his resignation was impliedly approved and accepted. The successor trustee and the other existing trustees by answer admitted the plaintiff's account to be correct, and prayed that "the accounts of the plaintiff be heard and determined." The court upon proofs submitted has found them to be correct. The only thing needful to determine whether to sustain the allowance of the plaintiff's attorney fees is to consider whether the record justifies the view of the trial court that the plaintiff's resignation was under the circumstances justifiable.

Facts other than above stated appearing of record which the trial court might properly consider in determining whether attorney fees should be allowed to the plaintiff may be summarized as follows: The trust instrument provided there should always be three trustees. The deed contemplated that

the trustees might resign. The trustees were authorized to invest and reinvest the trust funds. The trust property originally was valued at $1,500,000 and comprised numerous items. The items of income received from time to time varied and comprised many items. The plaintiff served as trustee for nearly thirty-five years. For nearly all of that time he personally had custody of the trust property, and he or employees in his office and in his individual employ kept the trust accounts. During the period accounts were from time to time submitted to Mrs. Albright, examined by her and approved by her in writing but not filed in court. These accounts were prepared by an employee of plaintiff employed in his individual business. The plaintiff received for all this work $333 annually, as provided by the terms of the trust deed. During the period plaintiff received and paid over to Mrs. Albright income of the trust property to the amount of $2,000,000. Mrs. Albright's husband was one of the trustees at the time the plaintiff resigned, and had been since 1911. The plaintiff was the only trustee who served actively in the management of the trust. The acts of plaintiff were approved by his cotrustees and the accounts submitted to and approved by Mrs. Albright were herein submitted as accounts of the trustees. It was necessary for the protection of the plaintiff and his estate, and that of the protection of his cotrustee, Mr. Albright, who had been his cotrustee for twenty-nine years and who was liable with him for malfeasance, that their accounts be approved and that they be examined while the plaintiff and his employee, who had kept the accounts and had prepared the reports to Mrs. Albright, were living. Mr. Albright joined with the plaintiff in asking for approval of the accounts and is entitled to discharge from liability for acts of the trustees done prior to the time the trust property was turned over to the successor trustees. In view of all this, we consider that the court properly considered that the plaintiff had ample reason for wanting to be relieved from further

service as trustee, and in holding that his attorney fees incurred in securing the court's approval of his accounts and his discharge should be reimbursed. We need not consider whether these fees are properly chargeable to corpus or income for the reason stated as to the guardian *ad litem* fees.

Not only do we consider that the judgment of the circuit court should be affirmed, but we consider that the respondent should recover from the appellant adult defendants the costs of this court and a reasonable attorney fee for services in this court, to be fixed by the circuit court upon hearing upon return of the record. The appeals seems to us upon the whole record to be wholly without merit.

*By the Court.*—The judgment of the circuit court is affirmed, and the cause is remanded to the circuit court with direction to the court to fix and adjudge attorney's fees to the plaintiff upon the appeal to be paid by the appellant adult defendants.