EDWIN F. TRACY and MARY K. TRACY, Appellants (Plaintiffs), v. ELIZABETH MARTIN, a Minor, by RICHARD DAWSON GUNN, Guardian Ad Litem, Respondent (Defendant), WALTER L. ROOS, Guardian of the Person and Estate of ELIZABETH SLOAN DELANY (for Whom MARIE T. WYGANT, Executrix of the Estate of ELIZABETH SLOAN DELANY, has been Substituted), Appellant (Intervenor), No. 42771—249 S. W. (2d) 321.

Court en Banc, May 26, 1952.

Rehearing Denied, June 9, 1952.

*Walther, Hecker, Walther & Barnard* and *William J. O'Herin* for Walter L. Roos appellant (intervenor) ; *J. L. London* for Edwin F. Tracy appellant (plaintiff).

*Fordyce, Mayne, Hartman, Renard & Stribling* and *C. P. Fordyce* for Marie T. Wygant, Executrix of the Estate of Elizabeth Sloan Delany, Deceased.

*Forrest M. Hemker* and *Willson, Cunningham & McClellan* for respondent.

**LEEDY, J.**—This appeal, involving an allowance to a guardian ad litem, went to the St. Louis Court of Appeals where the judgment of the circuit court fixing the amount of the fee, and ordering it charged against one of the prevailing parties was reversed, and the cause remanded with directions (239 S. W. 2d 567), to review which this court ordered transfer under Art. V, § 10, Const. of Mo., 1945, and rule 2.06 of this court.

The case out of which the present controversy arises was one in equity, brought by kinsmen of Elizabeth Sloan Delany, an **[322]** elderly and infirm widow, to cancel a trust indenture executed by her by which she conveyed and assigned to a trustee her real and personal property valued at $300,000 for the ultimate benefit of individuals who were not related to her. She was joined as a defendant, as were the trustee (individually and in his representative capacity) and life beneficiaries, together with the remainderman, Elizabeth Martin, a minor. The petition sought also to quiet title to the realty,

as well as other relief. Walter L. Roos, who had been previously appointed as Mrs. Delany's guardian and curator, intervened and prayed that the trust instrument be held void, and that he be declared her duly appointed guardian and exclusively in charge of her person and property, and for other relief. Decree for plaintiffs and the intervenor granting the relief sought, and designating and authorizing Roos to act as receiver, in effect, of his incompetent ward's estate. This court affirmed, 360 Mo. 1120, 232 S. W. 2d 926. See, also, In re Delany, (Mo. App.) 226 S. W. 2d 366, a connected case.

The fact situation as it relates to the issues on this appeal is simple and undisputed. Richard Dawson Gunn was regularly appointed and served as guardian ad litem for the minor defendant (remainderman), Elizabeth Martin. The trial itself extended over a period of 13-½ days. The total amount of time devoted to the case and reasonably required of the guardian ad litem was 20 days. At the conclusion of the case, the court made an allowance of $1800 for such services. After hearing testimony touching the financial responsibility of the minor (then 17 years of age), which showed her to be indigent, the court found that there was "no other source or fund available out of which the said Richard D. Gunn may be compensated for his services * * * other than the assets of the estate of Elizabeth S. Delany, non compos mentis, for the preservation of which this action was instituted," and, accordingly, ordered that the allowance be charged against such incompetent's estate. From the judgment thus rendered plaintiffs and intervenor prosecute the present appeal. During its pendency, and after transfer to this court, the death of Elizabeth Sloan Delany was suggested, and Marie Tracy Wygant, as executrix of her estate, was substituted as a party appellant in the place of Walter L. Roos, guardian and curator. The executrix thereafter filed verified " suggestions of change of status of Elizabeth Martin," setting up the fact of the minor's subsequent marriage and removal to the State of California, in consequence of which it was asserted that under the laws of that state the minor "is now deemed of the age of majority for purposes of contracting or dealing with property." It was further averred that by reason of certain devises and bequests to her under Mrs. Delany's will, the minor "now has sufficient funds with which to pay and discharge the fee allowed her guardian ad litem." On respondent's motion, such suggestions were ordered stricken from the files. The case will, therefore, be determined in this court upon the same record as that before the Court of Appeals.

On the former submission in the St. Louis Court of Appeals it was held, in substance, that the allowance to the guardian ad litem could not be paid from the property and estate of Mrs. Delany, because to do so "would violate the rule that a guardian ad litem to participate in a fund must have attempted to promote the best

interests of the rightful owner of the fund; that his efforts must have been designed to result in real benefit to the estate; that the costs of litigation should not be assessed against the successful party; that where the efforts of the guardian ad litem are antagonistic to the estate he shall look elsewhere for his compensation; that where the efforts of the guardian ad litem are directed solely to the promotion of individual interests, those interests must sustain the expense; that guardian ad litem fees will not be ordered paid out of a fund where the interest of the infant in the fund was purely contingent.''

We are constrained to hold that the facts in judgment do not warrant the application of the principles upon which that decision rests, and this because of the exceptional position, status and duties of a guardian ad litem as an officer of the court coupled with the absence of any source other than the fund in court from which the [323] officer might be compensated. The appointment of a guardian ad litem for the minor defendant was mandatorily required under § 507.190 of the statutes (all statutory references are to RSMo 1949 and VAMS, unless otherwise expressly noted), which reads: ''After the commencement of a suit against an infant defendant, and the service of process upon him, the suit shall not be prosecuted any further until a guardian for such infant be appointed.'' Inasmuch as the regularity of Mr. Gunn's appointment is conceded, we need not notice the next two sections (§§ 507.200 and 507.210), which govern the mode and time for making such appointments. While it has been said that there is little, if any, difference between the functions and powers of a next friend or prochein ami and a guardian ad litem (Campbell v. Campbell, 350 Mo. 169, 179, 165 S. W. 2d 851, 857), the position of the latter as a party litigant seems to be the more unique. He represents an interest brought into court involuntarily, and, in the case at bar, one essential to the validity of a binding adjudication. It is the duty of the guardian ad litem to defend the suit. He cannot admit or waive anything which goes to sustain the claim of the adverse party. Nor is the appointment a bare technicality, and it is something more than a mere technical defense that is required of the guardian. Spotts v. Spotts, 331 Mo. 917, 930-931, 55 S. W. 2d 977, 983. As further highlighting the uniqueness of his position, it will be noted that § 507.220 exempts a guardian ad litem from liability for costs of the suit ''unless specially charged by the order of the court for some personal misconduct in such cause.'' But by § 507.180 a next friend is expressly made liable for costs.

§ 514.060, providing for the recovery of costs by the party prevailing against the other party, controls in law actions, but it is not binding here because this is an equity case. ''Courts of equity have the inherent and discretionary power to award costs. They may order one party or the other to pay the costs or may apportion them

among the parties." Publicity Bldg. Realty Corp. v. Thomann, 353 Mo. 493, 502, 183 S. W. 2d 69, 73.

The only statutes authorizing circuit courts to make an allowance to a guardian ad litem seem to be in partition suits (§ 528.530, "shall be taxed and paid as other costs in the case"), and in proceedings for the formation and administration of drainage and levee districts (§ 246.190, "out of the moneys in the funds of the districts"). But apart from such provisions, it is held that the power and authority to allow a guardian ad litem compensation for his services is implied from power to appoint, as one of the court's inherent powers. Jones v. Yore, 142 Mo. 38, 47-48, 43 S. W. 384, 387. The appellants do not contend to the contrary, but limit their complaint to the charging of the allowance against Mrs. Delany or her estate, and to the alleged excessiveness of the amount fixed. On the other hand, respondent takes the position that where there is a fund in court and there is no other source from which the ad litem officer may be compensated, the court, in its discretion, and in the exercise of its equitable powers, may direct the payment from such fund.

The services were rendered by direction and under the scrutiny of the judge who made the allowance. The interest involved was large—$300,000 having been recaptured for the 90-year-old incompetent's estate; the questions were numerous and complex; the time consumed, 20 days. We are not in accord with the view that the sum allowed for such extensive and important services was excessive.

It is contended by respondent that insofar as the propriety of charging the allowance against Mrs. Delany is concerned, the case falls within the decision made in St. Louis Union Trust Co. v. Kaltenbach, 353 Mo. 1114, 186 S. W. 2d 578. That action was one brought by the trustee of a testamentary trust to construe the will and for directions as to the distribution of the trust estate created thereby. The controversy there was between rival claimants, the two defendants in the case—one a son, and the other a grandson of the testator, the latter defendant being a minor represented by a guardian ad litem. Each defendant claimed the entire estate for himself. The trial court found each entitled to [324] one-half, but allowed attorney fees to all of the parties to be paid out of the estate. On the allowance feature of the appeal, the attorney fee to the trustee was affirmed, but the others were reversed, the court holding, under the particular facts there involved, that the defendants should pay their own attorney fees. As to the minor, the controlling consideration for such reversal was the fact that he had made a substantial recovery (about $35,000) as a result of the litigation. In reaching that conclusion, this court said: "However, it is urged on behalf of the minor defendant that an allowance should be made for him because the appointment of a guardian ad litem was absolutely necessary to the disposition of the case. See 897, R. S. 1939, Mo. R. S. A. This

is true, and *we do not doubt the authority of the court to make such an allowance, out of the estate, in case there are no other funds to pay the expense necessarily incurred by his guardian ad litem.*" (Italics, the present writer's.)

The facts in the case at bar do not distinguish it from the Kaltenbach case, but, on the contrary, make the latter applicable and controlling, and so, adhering to the views there expressed, we quash the opinion of the St. Louis Court of Appeals, and affirm the judgment of the circuit court. All concur.