**Wanda NIMS, by P. R. Jackson, Next Friend, Plaintiff-Respondent,**

**v.**

**Dewey NIMS, Defendant-Appellant.**

**No. 7590.**

Springfield Court of Appeals.

Missouri.

March 22, 1957.

Paul E. Carver, Neosho, for appellant.

Phil Graves, Neosho, for respondent.

McDOWELL, Presiding Judge.

This appeal is from a judgment of the Circuit Court of Newton County, Missouri, awarding plaintiff temporary alimony and attorney fees in a divorce action.

July 10, 1956, plaintiff, by her next friend, P. R. Jackson, filed a petition for divorce in Newton County. It alleged that plaintiff and defendant were married April 17, 1956, and have never lived together. It alleged:

"Plaintiff for cause of action states that defendant has rendered unto plaintiff such indignities as to make her condition in life intolerable in as follows: Plaintiff has never been supported by defendant nor has he given her anything for her support and that he has never provided a home for her and tells her that he doesn't intend to provide a home and that he doesn't love her and never intends to live with her. Plaintiff states that she is expecting a child by defendant about the 15th of September, 1956."

It alleges defendant is an able-bodied man, capable of earning from $250 to $300 per month; that she has been a resident of Newton County for more than a year before the filing of the petition and is represented by Graves & Graves, attorneys.

On August 9, 1956, a motion was filed to dismiss the cause of action because it failed to state a claim and was overruled September 4, 1956.

On August 9, 1956, plaintiff filed motion for temporary alimony, suit money and attorney fees. It alleged plaintiff was without property and means of support for herself, to pay attorney fees, and costs necessary for the prosecution of her lawsuit; that defendant is working steadily earning $200 a month and is possessed of personal property of great value.

This motion was tried September 24th. Plaintiff testified that she was 16 years of age, was married to defendant April 17, 1956, and at the time was pregnant. She testified her husband never provided a home for her or gave her any money for pre-natal care; that she lives with her parents and possesses no property to pay her attorneys or to pay her doctor. She admitted she had been informed defendant had made arrangements with Dr. McCullough to pay for the delivery of her child; but stated defendant had never given her any money; and, asked the court for temporary alimony sufficient to prosecute her case, to pay her lawyers, hospital and doctor bills until she was able to work.

She testified she did not know how much her husband was earning; that he received a Navy pension, probably $100 a month, and worked with his father and probably made as much as $250 or $300 a month; that they were employed as house painters and decorators; that defendant is driving a 1956 Pontiac.

On cross-examination she admitted that she based her knowledge of defendant's earnings on what people had told her; that she didn't know who owned the car.

She testified she had not talked to her husband since the marriage.

Defendant, Dewey Nims, testified that he did not own an automobile; that he was employed from one to four days a week and earned between $20 and $50, out of which he paid his board and living expenses; that he had no stocks or bonds or money in the bank. He testified he had made arrangements for plaintiff's hospital bill with Dr. McCullough; that the doctor told him the cost would be $65 and that he promised to pay it.

Defendant testified his father paid him $12 a day for his work and that he paid self-employment tax by the year; that last year he paid on $1,900.

Bud Nims, father of defendant, testified that defendant was 20 years of age, born

December 21, twenty years ago; that defendant did not receive any compensation from the government. He stated defendant received an honorable discharge because he worried too much, growing out of an accident in a shipwreck.

September 24, 1956, the court rendered the following judgment:

"Now on this day it is ordered by the Court that plaintiff's Motion for Attorney Fees and for Temporary Alimony, heretofore filed herein, having been seen, heard and examined, is by the Court sustained.

"It is further ordered by the Court that Plaintiff shall be and she is hereby awarded $250 alimony to be paid to her by defendant Dewey Nims, in a lump sum, pending the suit in the above entitled cause.

"It is further ordered by the Court that Defendant Dewey Nims shall pay to the Plaintiff Wanda Nims $50 (Fifty Dollars) per month as temporary alimony; the first such payment of $50 to be paid on the first day of October, 1956, and $50 to be paid on the first day of each month thereafter.

"It is further ordered by the Court that defendant shall pay to the plaintiff $75 for attorney fees."

In our opinion we will refer to appellant as defendant and to respondent as plaintiff, the position they occupied in the lower court.

Under points and authorities defendant contends that the failure to appoint a guardian ad litem is reversible error, and, secondly, that to authorize an allowance for temporary alimony, suit money and counsel fees it must prima facie appear the wife has a good cause of action.

■ We agree with defendant that a judgment rendered against an infant defendant, there being a failure to appoint a guardian ad litem and there being no representation in the defense of the infant by any guardian or curator, duly appointed by the probate court, was error, which was not cured by verdict in favor of plaintiff and against the infant defendant.

The father of defendant testified that the defendant was 20 years old. There is no suggestion in the record that defendant had a legal guardian or curator appointed by the probate court; and if he did there was a lack of compliance with section 506.-150 RSMo 1949 V.A.M.S. (2) requiring service on such guardian or curator, or with section 457.420 RSMo 1949, V.A. M.S. c. 475 Appendix, which provides that it is the duty of all guardians and curators to represent their wards in all legal proceedings. If there be no legal guardian or curator, sections 507.190, 507.200 and 507.-210 RSMo 1949, V.A.M.S. pertaining to guardian ad litem are applicable.

■ There is no contention in this case that a guardian ad litem was appointed for the defendant. He was not represented by either guardian ad litem or by legal guardian. The trial court proceeded to final judgment against the minor defendant without suggestion of infancy by plaintiff, whose duty it is "to ascertain and advise a trial court of the infancy of a defendant so that, if there be no representation by a regular (legal) guardian, the court may appoint a guardian ad litem". Morgan v. Morgan, Mo.App., 289 S.W.2d 151, 152; Cox v. Wrinkle, Mo.Supp., 267 S.W.2d 648, 651.

In the latter case, on page 651, the court stated: " * * * In order to protect an infant's rights it is provided that, 'After the commencement of a suit against an infant defendant, and the service of process upon him, the suit shall not be prosecuted any further until a guardian for such infant be appointed.' Section 507.190 RSMo 1949, V.A.M.S. In cases cited herein by the defendant-respondent Wrinkle it has been expressed that the appointment of a guardian *ad litem* is 'mandatorily required', Tracy v. Martin, supra [363 Mo. 108, 249 S.W.2d 321]; that the statute, now § 507.-190, supra, is 'very positive in its requirement', Charley v. Kelley, 120 Mo. 134, 25 S.W. 571, 573; and that the court has the

'absolute duty' to appoint a guardian *ad litem* for an infant defendant Fenn v. Hart Dairy Co., 231 Mo.App. 1005, 83 S.W.2d 120. The appointment of a guardian *ad litem* is not a bare technicality and that office does not involve only perfunctory and shadowy duties."

We find that the judgment herein rendered against defendant, as shown by the record in this case, is reversible error. The fact that the defendant was represented by attorney does not alter the matter.

Since the cause must be reversed, it is unnecessary to pass upon defendant's second assignment of error.

Reversed and remanded with orders that the judgment against defendant be set aside and further proceedings had in accordance with this opinion.

STONE, J., concurs.

RUARK, J., not sitting.