77 N.J. Super. 243 (1962)
186 A.2d 117
EUGENE ALAN BUSH, JR., SHERMAN JOSEPH BUSH, JANICE BUSH MOLZON, MARY JANE BUSH VAN BRUNT, and JOAN BUSH DEMING, PLAINTIFFS-APPELLANTS,
v.
IRVING RIKER, ESQ., CASTOR GRAY AND VIRGINIA GRAY, EXECUTORS AND TRUSTEES OF THE ESTATE OF THERESE MURY BUSH, DECEASED, AND JAN CHRISTOPHER BUSH, AN INFANT, SHERMANE ANN BUSH, A MINOR, PERRY KIELY BUSH, AN INFANT, JUSTINA ANN MOLZON, AN INFANT, CHARLES BUSH, AN INFANT, JANET LEE MOLZON, AN INFANT, RALPH HUBERT MOLZON, AN INFANT, DIANE JOAN DEMING, AN INFANT, GAIL THERESE DEMING, AN INFANT, SCOTT DEMING, AN INFANT, AND DEBORA SUE MOLZON, AN INFANT, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 19, 1962.
Decided November 27, 1962.
*244 Before Judges GOLDMANN, FREUND and FOLEY.
Mr. William T. Wichmann argued the cause for appellants (Messrs. Wise, Wise, Wichmann & Berich, attorneys).
Mr. Howard F. Casselman argued the cause for respondents (Messrs. Riker, Danzig, Marsh & Scherer, attorneys for respondents executors and trustees; Messrs. Stout & O'Hagan, attorneys and Mr. D. Joseph DeVito, of counsel, for Richard R. Stout, guardian ad litem for all infants and unborn respondents).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
The single issue on this appeal is whether the Chancery Division judge erred in disallowing a counsel fee to plaintiffs' attorneys, chargeable against the trust estate. The matter is presented to us on an agreed statement in lieu of record. The request for counsel fees arose in an action involving a testamentary trust heretofore considered by this court. The background facts are these.
Plaintiffs are the children of Eugene Alan Bush, Sr., the son of decedent Therese Mury Bush, who died testate in February 1942. By her will she directed her executors to divide the residue of her estate into two equal parts. The *245 first was given outright to her daughter Margaret. The second (after deducting certain debts owing her by her son Eugene) was to be held in trust for the son and his five children under the terms and conditions of paragraph Tenth (B). The trustees were to pay Eugene during his lifetime so much of the net income from time to time as they, in their absolute discretion, thought proper for the support and education of his five children or the children of any deceased child. Surplus income not distributed or used was to be added to principal. Upon Eugene's death, the principal was to be divided into five equal parts, one part to go to each of his children or, if any child had died, to the children of such child per stirpes. Principal was to to be paid over to each beneficiary upon attaining age 25; meantime, the income of any part was to be used for the support and education of the beneficiary in such amounts as the trustees thought proper until the beneficiary reached 25.
On June 15, 1959 Eugene, by instrument in writing, released and surrendered all of his right, title and interest as beneficiary under his mother's will and authorized the trustees to pay the balance of the trust directly to plaintiffs as remaindermen. The release recited that it was his intention to accelerate the estate so that distribution of the remainder under paragraph Tenth (B) might be effected immediately.
Plaintiffs were all in being at the time decedent executed her will, and had attained age 25 when they filed their action in the Chancery Division demanding judgment permitting acceleration of the trust. Each of the plaintiffs, except for Mary Jane Bush Van Brunt, had issue living, all of them infants. Named as defendants in plaintiffs' action were the trustees and plaintiffs' infant children. Also joined as defendant was the guardian ad litem (appointed pursuant to court order) for those infants, as well as all children not in being and who might have a substitutionary interest under the trust. While the Chancery Division action was *246 pending, it was disclosed to the guardian ad litem that the trust principal, if the trust was effectively terminated by operation of the aforementioned release, would be distributed equally among Eugene and his five children, in accordance with a written agreement among them.
The Chancery Division action resulted in a judgment entered March 24, 1961 accelerating and terminating the trust under paragraph Tenth (B) of the will and directing distribution of the principal among plaintiffs and their father. Counsel fees were allowed to plaintiffs' attorneys, the trustees and the guardian ad litem. Defendants appealed, arguing that the judgment accelerating the trust was incorrect. The briefs did not refer or object to any allowance of fees in the Chancery Division.
By our per curiam opinion of November 21, 1961 (not reported) we reversed, holding that acceleration and termination of the trust before the death of Eugene, the father, would be contrary to testatrix' express and implied intention as evidenced by the terms of her will. (Dockets A-617-60 and A-620-60).
Plaintiffs thereupon petitioned the Supreme Court for certification to review our action. The petition was denied. Bush v. Riker, 37 N.J. 55 (1962).
Following the denial of the petition for certification, the respective attorneys applied for counsel fees. The Chancery Division judge, in the judgment dismissing the complaint pursuant to our mandate of reversal, granted the attorneys for defendant trustees a counsel fee of $3,000, plus their disbursements, chargeable to the corpus of the trust estate. A counsel fee of $3,000 was allowed the guardian ad litem, similarly chargeable. The application of plaintiffs' attorneys for counsel fees was denied. This appeal followed.
Plaintiffs first contend that counsel fees are allowable where the litigation involves a fund in court. Respondents agree that the trust estate here involved is a fund in court, and that the Chancery Division has the discretionary right to allow counsel fees under R.R. 4:55-7(b).
*247 Anticipating defendants' argument that plaintiffs did not enhance or protect the testamentary trust, plaintiffs aver that all that is necessary for counsel fees to be allowed is that the action arose "because the testator in the preparation and execution of the will created a question of interpretation if and when a particular fact or state of facts arose." But this is not a case where the testatrix precipitated the trust acceleration litigation by creating an ambiguity in her will requiring clarification by the court. Cf. Ferguson v. Rippel, 21 N.J. Super. 59, 63 (Ch. Div. 1952).
Nor is this a case where plaintiffs undertook a judicial proceeding in the interest of a fund in court to protect or increase the fund, or adjust rights in it, in which case the Chancery Division, in the proper exercise of its discretion, could have allowed counsel fees. Cf. Blut v. Katz, 36 N.J. Super. 185, 189 (App. Div. 1955); Sarner v. Sarner, 38 N.J. 463 (1962).
Plaintiffs' action had as its only objective the defeat of the trust created under paragraph Tenth (B) of the will, and the immediate enlargement of their interests  all at the expense of their infant children and children not in being represented by the guardian ad litem. They were simply advancing their own interests. In such a case it is not unfair that plaintiffs bear their own cost of the litigation. In re Stone, 21 N.J. Super. 117, 130, 132 (Ch. Div. 1952); Morton's Case, 74 N.J. Eq. 797, 802 (Prerog. 1908), where the court held that the estate should not be burdened with the costs incurred by the trustee where he acted in the interest of his wife, who was one of the beneficiaries of the trust, or in his own interest. Cf. Sunset Beach Amusement Corp. v. Belk, 33 N.J. 162, 168 (1960).
Plaintiffs speculate that the trustees might perhaps have instituted an action to determine whether the trust under paragraph Tenth (B) could be accelerated by virtue of the release executed by their father, the life tenant. In such an eventuality they, as defendants to such an action, would have been obliged to take the position that the trust had been *248 accelerated, and the guardian ad litem would have alleged that it had not. Under those circumstances, they argue, there would be no reason for denying them a counsel fee.
However, that is not the situation here; rather, plaintiffs and their father entered into an arrangement which would have trespassed upon testatrix' intention, and this entirely out of self-interest. They would have been successful but for the prior appeal which resulted in a reversal by this court of the Chancery Division's acceleration of the trust. We do not join in plaintiffs' speculative hypothesis nor in their conclusion that counsel fees would have been allowed their attorneys had the trustees brought an action challenging the acceleration. Were we to accept plaintiffs' argument, it would mean that any action brought by anyone for any purpose, and which resolved some legal question affecting the fund, would have to be financed by the fund through allowance of counsel fees and costs.
Finding no abuse of discretion in the Chancery Division's denial of fees, we affirm the judgment under review.