ST. LOUIS UNION TRUST COMPANY,
etc., Plaintiff-Respondent,

v.

George K. CONANT, Jr., etc., et al.,
Defendants-Respondents,

Charles C. Allen, Jr., guardian ad litem for
John Gridley and Sarah Conant Gridley,
minors, Defendant-Respondent,

Donald K. Gerard, guardian ad litem for
George K. Conant, III, et al.,
Defendant-Respondent,

Josie C. Manternach et al.,
Defendants-Appellants.

No. 36665.

Missouri Court of Appeals,
St. Louis District,
Division Three.

March 2, 1976.

Motion for Rehearing or Transfer
Denied April 13, 1976.

Application to Transfer Denied
June 14, 1976.

Gray & Ritter, Charles E. Gray, and Mark Evan, Hughes, St. Louis, for defendants-appellants.

Lewis, Rice, Tucker, Allen & Chubb, Joseph W. Lewis, and Michael D. Mulligan, Bryan, Cave, McPheeters & McRoberts, William F. Tracy, II, St. Louis, Donald K. Gerard, Clayton, Keefe, Schlafly, Griesedieck & Farrell, Richard D. Shewmaker, St. Louis, for respondents.

SIMEONE, Presiding Judge.

This appeal involves the aftermath of litigation which culminated in the Supreme Court of Missouri. *St. Louis Union Trust Company v. Conant*, 499 S.W.2d 761 (Mo. 1973). This appeal is from a judgment of the circuit court of St. Louis County awarding compensation for services rendered as guardians ad litem for several contingent beneficiaries under a trust. The issue to be determined is whether the guardians ad litem of contingent beneficiaries of a trust are entitled to fees for representation of their wards for the successful litigation involving the trust. The trial court granted such fees and expenses incurred in the trial and successful appeal in the first *Conant* litigation and charged such fees against the corpus of the trust. On this appeal, the primary beneficiaries of the trust question this ruling of the trial court and appeal the order granting such fees and expenses.

The guardians have also made application in this court for additional fees and expenses incurred on this appeal because the appellants—the primary beneficiaries of the trust—seek to declare the order of the trial court awarding fees invalid.

■ We hold that the trial court did not err in awarding fees for services rendered and expenses incurred by the guardians ad litem for the trial and appeal of *St. Louis Union Trust Company v. Conant*, supra, and hence affirm the order and judgment of the trial court awarding such fees and expenses, and we deny the guardians' application for additional fees and expenses filed in this court on this appeal.

The facts are complicated and the litigation has been long and vigorous. There is no need to detail each and every fact, since the facts are thoroughly and accurately discussed in the opinion by Stockard, C. in *St. Louis Union Trust Company v. Conant*, supra.

Suffice it to say that Eleanore G. Conant died on October 14, 1964, and her will, dated July 22, 1964, was admitted to probate. Eleanore G. Conant was survived by four children—George K. Conant, Jr., Josie Conant Manternach, Eleanore Conant Storrs and Frances Conant (Balsam) Schieffelin. Mrs. Eleanore G. Conant was also survived by several grandchildren and great-grandchildren. Her son, George, Jr., has four children—George K. Conant III, Annie Conant, Lawrie Conant and Susan Conant. Josie Conant Manternach had two children—Josie Manternach[1] and Bruce W. Manternach, Jr. Frances Conant Schieffelin has one child, Ann Richards Gridley; and Mrs. Gridley has two children—John Gridley and Sarah Conant Gridley. The George Conant children, the Ann Richards Gridley children and the Manternach children are minors.

Mrs. Eleanore Conant's will provided, in effect, that her residuary estate was to be divided into four portions—only one of which is important in this proceeding. One portion was bequeathed in trust under the provisions of Paragraph 1–C of Article III and Article V and provided that the trustee —St. Louis Union Trust Company—was to pay the income to her daughter, Josie Conant Manternach, during her lifetime. The will provided that the trust shall terminate upon the death of Josie Conant Manternach and that, upon termination, the trust be distributed in certain specified shares to Josie and Bruce if then living, but if not, then the trust would be distributed to the grandchildren of the testatrix—the Conant children and Ann Richards Gridley per stirpes.

After the probate of the will, Josie Conant Manternach instituted a will contest suit in May, 1965, in the circuit court of St. Louis County, seeking to set aside the will. She joined as defendants—George K. Conant, Jr., the Conant children, Eleanore Conant Storrs, Frances Conant Balsam [Schieffelin], Ann Richards Gridley and Mrs. Manternach's children—Josie and Bruce. The Gridley children were not named parties. The will contest suit proceeded but was "laid over from day to day" and thereafter on January 15, 1968, an instrument designated a "Settlement Agreement" was signed by all parties to the suit and filed with the circuit court. The court entered an order and judgment in the will contest suit establishing the will dated July 22, 1964 as the last will and testament of Eleanore G. Conant and "approving the Settlement Agreement . . . as being duly executed, fair and reasonable and lawfully binding upon all parties to the will contest suit and on all beneficiaries . . . ." Under the settlement agreement, Josie Conant Manternach was entitled to receive from the estate an amount calculated by a specified formula—$113,000 —to be deducted from the assets. The agreement further provided that the trustee (St. Louis Union) and Mrs. Manternach would "respectively, renounce their rights and interests in or with respect to said trust." The agreement was subject to the condition that a declaratory judgment suit be filed by the trustee (St. Louis Union) to determine the legality and binding effect of the settlement insofar as it provided for the payment to Josie Conant Manternach free from trust and the effect of the renunciations upon the rights of the beneficiaries, contingent or otherwise.

In due time and on February 21, 1968, a declaratory action was filed in the circuit court of St. Louis County by the trustee, St. Louis Union Trust,[2] alleging that

". . . plaintiff is uncertain and in doubt as to the legality and binding ef-

1. The application for the appointment of a guardian refers to her as Josie Conant Manternach, *Jr.* We shall hereafter refer to her as "Josie."

2. The trustee named as defendants in the declaratory judgment action George K. Conant, Jr., Josie Conant Manternach, Frances Conant

fect of said Settlement Agreement insofar as it provides for the payment outright and free from trust to Josie Conant Manternach . . . and deducted from the assets distributable to plaintiff as Trustee of the trust . . . [and] uncertain and in doubt as to the legal effect of the renunciations in . . . said Settlement Agreement upon the rights of the beneficiaries, contingent or otherwise . . . ."

The trustee, in the declaratory judgment action, alleged that it had to employ attorneys to defend the will contest action, that it is entitled to its reasonable costs and expenses in connection with obtaining advice in connection with the declaratory action and that such costs and expenses should be taxed against the one-fourth portion of Eleanore G. Conant's residuary estate. In the declaratory judgment suit, St. Louis Union, trustee, prayed that the court construe the settlement agreement executed January 15, 1968, and prayed for attorneys' fees and expenses (a) in connection with the negotiation of the settlement agreement in the will contest suit and (b) in connection with the declaratory judgment action.

Answers were filed by the various parties. After the petition was filed guardians ad litem were appointed for Josie Conant Manternach, Jr. and Bruce.

On April 24, 1968 (1) George K. Conant, Jr. filed a petition for the appointment of a "competent independent person" to serve as guardian ad litem for his daughter Susan Conant (under fourteen), (2) the other Conant children filed their petition for the appointment of a "competent independent person," and (3) Ann Richards Gridley filed her petition for the appointment of a guardian for her son, John. On May 1, 1968, Donald K. Gerard was appointed guardian for all of these children, and on May 13 accepted the appointments and entered his appearance. Then on July 9, 1968,

after Sarah Conant Gridley was born, Ann Richards Gridley and her husband petitioned the court for the appointment of a guardian ad litem for her two children— John and Sarah—and indicated in the petition that as their parents they have selected and "obtained the written consent of, Charles C. Allen, Jr. . . . to act as guardian for" Sarah, and his consent to act as guardian for John in the event of the resignation and withdrawal of Mr. Gerard. Mr. Gerard did withdraw as guardian of John, and Mr. Allen was appointed guardian for both John and Sarah. In due time Mr. Allen on behalf of John and Sarah answered the declaratory judgment suit and asserted that the settlement agreement was not binding on these infants because they were not signatories to the settlement agreement or otherwise represented.

The declaratory judgment action came on for trial on February 4, 1969, before Judge Cloyd in the circuit court of St. Louis County. Much of that transcript was devoted to the issue of whether attorneys' fees should or could be awarded to the attorneys in the will contest suit and in the declaratory judgment suit.

On November 12, 1970, the trial court entered its findings of fact, conclusions of law and order, judgment and decree. The court found that the Gridley children were the children of Ann Richards Gridley, who was a party defendant in the will contest action and that she was acting on behalf of her children since they "must be held to be in privy with her and her action is binding upon them." The trial court found that the wording of the settlement agreement shows that it was not contemplated by the parties that any attorneys' fees should be borne by the trust and would be contrary to the provisions of the settlement agreement. The court also found that the law of Missouri prohibits the award of attorneys' fees to the trustee for services rendered by the attorneys employed by it in the defense of a

---

Schieffeling [sic], Eleanore Conant Storrs, Ann Richards Gridley, the Manternach children, the Conant children and the Gridley children (Sar-

ah was added to the petition by interlineation because she was born after the declaratory action was filed).

will contest suit, and that "attorneys fees and expenses incurred in this [declaratory judgment] action are not the obligation of plaintiff as Co-Executor and Trustee . . since they were incurred in the furtherance of the Will contest suit . . . ."

The trial court decreed that: (1) the settlement agreement "constitutes an effective renunciation by Josie Conant Manternach of her rights under the Will . . ," (2) the trustee shall pay to Josie C. Manternach the amount calculated under the settlement agreement and held by the trustee "free from any charges or from any amounts that may be taxed as costs for the allowance of Guardian ad litem fees as hereinafter provided," (3) the trustee is not "authorized to expend any sums from the estate or trusts for attorneys' fees or expenses incurred by it or any other parties in the Will contest proceedings or for any services rendered or expenses incurred in this [declaratory judgment] action," and (4) jurisdiction is specifically reserved "only for the determination of applications for Guardian ad litem fees rendered by the Guardian ad litems [sic] in this action which have heretofore been filed."

As of November 12, 1970, the date of the trial court's decree, Mr. Gerard had filed his application on April 23, 1969 for "compensation as guardian ad litem and for attorney's fees" in the amount of $2683.60. On January 9, 1970, Mr. Allen filed his application for "payment of fees as guardian ad litem" in the amount of $3,955.00.

On November 27, 1970, respondent Allen filed a motion to amend the judgment or in the alternative for a new trial. The trustee, St. Louis Union, also excepted to the court's ruling, alleging that it erred in disallowing attorneys' fees and expenses to be paid to the trustee out of the Manternach trust. The motions were overruled by operation of law, and on March 5, 1971, respondent Allen, on behalf of the Gridley children and the trustee, filed notices of appeal to the Supreme Court of Missouri.

The two minor contingent beneficiaries— the Gridleys—contested the order of the trial court holding that (1) the judgment in the will contest suit is a valid and binding judgment on the parties and the terms of the judgment should be carried out, (2) the settlement agreement constituted an effective renunciation by Josie Conant Manternach of her rights under the will, and (3) the trustee pay to Josie Conant Manternach free from trust the amount provided for in the settlement agreement.

On May 14, 1973, the Supreme Court handed down its opinion in the appeal of the declaratory judgment action. The court held that the two appellants—the Gridley children—have contingencies which are not impossible of occurrence and "should the settlement agreement be carried out and the contingencies occur, the amounts payable to appellants [Gridley children] will be reduced substantially." *St. Louis Union Trust Company v. Conant*, supra, 499 S.W.2d at 764. While recognizing the general policy favoring the compromise of will contests, the court held that what was proposed by the settlement "destroys the clearly stated purposes of the trust and the intent of the testatrix. . . ."

"The proposed settlement would reduce the corpus of the trust to approximately one-third of its amount. Judicial approval of the settlement agreement would partially destroy and defeat the trust, violate the spendthrift clause, deprive persons not party to the agreement (and who are under the disability of infancy) of their potential participation in the trust estate, and defeat the intention and purpose of the testatrix by depriving her of her right to dispose of this part of her property by will with restrictions, where the purpose of testatrix is legal, has not been accomplished, and is possible of accomplishment. . . ." *St. Louis Union Trust Company v. Conant*, supra, 499 S.W.2d at 767.

The supreme court concluded that the trial court erred in approving the settlement agreement. As to attorneys' fees, the supreme court affirmed the order of the trial court in denying fees and expenses (a)

in obtaining advice and counsel in connection with the negotiation of the settlement agreement in the will contest, and (b) in connection with the suit for declaratory judgment.[3] The court held that a declaratory judgment action was not a proceeding to properly administer the trust according to its terms but was to determine whether the trustee could properly join in a plan as a part of the settlement of the will contest. In such case the fees and expenses were not incurred in obtaining instructions from the court as to its powers or duties relating to the administration of the trust but were incurred in litigation "brought about as a part of a proposed settlement of a will contest suit, and such litigation was in fact a part of the will contest proceeding. Therefore, the trial court correctly ruled that the fees and expenses were not properly chargeable to the trust." *Conant,* supra, 499 S.W.2d at 769. The supreme court concluded that the part of the judgment approving the settlement and authorizing the payment to Mrs. Manternach was reversed but "the remainder of the judgment is affirmed."

After the *Conant* litigation was decided by the high court, the motions of Messrs. Gerard and Allen for guardian fees prior to November 12, 1970, had still not been ruled upon. After the cause was decided in the supreme court as outlined above, Mr. Allen then filed his "Supplemental Application" for payment of fees as guardian ad litem. This supplemental application was filed September 11, 1973, some four months after the supreme court decision. In the supplemental application he alleged that in his capacity as guardian ad litem he performed, after November 12, 1970, further services for his wards by prosecuting an appeal to the supreme court. He outlined his duties on the appeal and requested an additional sum, for the services on appeal, of $6,875.00, or a total of $10,830.00. He amended this application two months later and requested

an additional sum of $509.62 for "incurred expenses," or a total sum of $11,339.92.[4]

On November 7, 1973, Mr. Gerard filed his motion requesting the court to approve his application for guardian and attorneys' fees filed previously on April 28, 1969. In this motion he informed the court that he did no additional work on appeal to the supreme court and moved the court to hold a hearing and approve his earlier application for fees.

The motions were heard in Division No. 6 in the circuit court of St. Louis County. Following the hearing the trial court sustained the applications of Mr. Allen and Mr. Gerard. The court sustained the supplemental application of Charles C. Allen, Jr. "for payment of fees as Guardian ad Litem" and ordered the trustee, St. Louis Union Trust, to pay $10,830 "as reasonable compensation for services rendered as guardian ad litem for minor defendants John Gridley and Sarah Conant Gridlay [sic]" and $509.92 as reimbursement for "actual and necessary expenses incurred," the payments to be charged against the "corpus" of the [Manternach] trust. The trial court also sustained the application of Mr. Gerard and ordered the trustee to pay him the sum of $2,683.60 "as reasonable compensation for services rendered as guardian ad litem" for the Conant children, to be charged against the same trust. Thereafter, Josie Conant Manternach and her children, by and through their guardian, their father, appealed to this court to reverse the order granting the original and supplemental fees.

Pending appeal and argument in this court, the respondents Gerard and Allen each filed their applications for "additional fees and expenses as guardian ad litem" for services rendered preparing for and briefing this appeal. Respondent, Mr. Allen alleged that as "a result of Appellants' [Manternachs] opposition to this Respondent's application for compensation, it became

---

3. The trustee was represented by different firms and attorneys in each proceeding.

4. $3,955.00 initially applied for in January, 1970; $6,875.00 applied for in September, 1973, and $509.92 for expenses.

necessary . . . to expend time and effort in defense of this Respondent's right to compensation in addition to the time and effort previously expended on the merits of the case." Hence, he prayed for additional "Guardian ad Litem's fees in the amount of $3,820 and an additional $412.87 as reimbursement for expenses incurred by this Respondent in preparing his Brief on appeal, said amounts to be paid out of the Eleanore G. Conant trust." Mr. Gerard also asked for an additional amount of $1,375 for "legal research and further activities to discuss the issues with the other Respondent [Allen] and concur on our respective positions . . . ." He also seeks an additional $250.00 for time "to be spent in his final preparation and attendance at oral argument . . . ." The total he sought for appeal was therefore $1,625.00.

On this appeal from the award of fees and expenses to the respondents, Allen and Gerard, ordered by the trial court in Division No. 6, the appellants—Josie Conant Manternach and her children—make several points. They contend that the trial court erred in awarding such fees because these proceedings were in fact a part of the prior will contest so that the holding of the supreme court in *Conant*, supra, 499 S.W.2d 761 (a) became the law of the case and (b) the award of "guardian" fees was in direct violation of the mandate of the supreme court. They also contend the trial court erred because (1) the original trial court's decree in the declaratory judgment action ordered that the trustee, St. Louis Union Trust, was not authorized or obligated to expend any sums from the estate or trusts for attorneys' fees or expenses incurred by it or any other party and, since this portion of the decree was affirmed by the supreme court, the order awarding guardian fees is "void"; (2) the claims for fees were in reality claims for attorneys' fees and the fact that the trial court designated them guardian fees was a subterfuge to evade the mandate of the supreme court; (3) even if the award were for services rendered as guardians, the trial court had no authority to tax the amount as costs or direct that

payment be made from the Manternach trust, since there was no evidence that the minor Gridley children or their parents were unable to pay for such services and (4) the trial court, in reserving jurisdiction to award guardian fees, only had power to award fees for applications which had been filed prior to the entry of its decree (November, 1970) and the mandate of the supreme court did not grant the trial court power to consider fees subsequent to that date for the services rendered in filing after-trial motions and appealing the declaratory judgment suit.

Appellants-Manternachs argue that the question whether the parties to the will contest suit and declaratory judgment action were entitled to "attorneys fees" out of the estate were specifically considered and determined by the supreme court. "The court necessarily determined these questions [attorneys fees] since [the trustee] sought an allowance of attorneys fees . . . [and] [t]he [supreme] court rejected these assertions." The appellants therefore contend that, since the question of attorneys fees was adjudicated by the supreme court, this issue became the "law of the case" and these "attorneys fees" may not be disguised as guardian fees.

They further argue that the trial court in its declaratory judgment order stated that the trustee was not "obligated or authorized to expend any sums from the estate or trusts for attorneys' fees or expenses incurred by it or any other parties in the will contest proceedings or for any services rendered or expenses incurred in this action," and the decree having been affirmed, the trial court's order granting fees was in direct conflict with the declaratory judgment decree so that the trial court here was without power to modify or alter or depart from the decree affirmed by the supreme court. They contend that even though the declaratory judgment court reserved the right to determine an allowance for guardian fees, under "no circumstances" could the court's language be considered a reservation of the right to determine whether an

award would be ordered paid from the Manternach trust. The applications made by respondents clearly show they say that the request was for "attorneys' fees" and for legal services and there was no evidence to delineate what were guardian fees and what were attorneys' fees.

Finally, appellants argue that the trial court had no power to award fees for services rendered and expenses incurred subsequent to its order of November, 1970, since this was in violation of the mandate of the supreme court.

Although the points and argument are vigorously made by appellants, we are convinced that the trial court did not err in awarding guardian fees to the respondents Allen and Gerard for services and expenses incurred in the trial and appeal of the declaratory judgment action. In so holding, it is not necessary to answer each point and subpoint raised by appellants.

■ The declaratory judgment litigation was brought about by the proposed settlement of the will contest suit and the trial court and supreme court held that in such a posture "attorneys' fees" were not properly awarded to any party including the trustee-plaintiff. The whole thrust of the declaratory judgment trial and appeal revolved around the validity of the settlement agreement and the propriety of the trial court in that action denying attorneys' fees. The decree in that action, we believe, directed that the trustee was not obligated to expend any sums from the estate or trust for attorneys' fees or expenses in the will contest action or in seeking instructions as to the validity of the settlement agreement. The trial court and the supreme court followed the long-settled law of this state that in a will contest action and the declaratory judgment action which was a part thereof, the parties interested, and not the trust, should bear the expenses of litigation. *In re Soulard's Estate*, 141 Mo. 642, 43 S.W. 617, 624 (1897); *In re Fry's Estate*, 96 Mo. App. 208, 70 S.W. 172 (1902); *St. Louis Union Trust Company v. Conant*, supra, 499 S.W.2d at 769.

■ But the trial court and the supreme court in the *Conant* litigation did not, by following this general principle, preclude the trial court below from passing upon the applications for guardians fees rendered in the action, and in our opinion, although the issue of attorneys' fees was adjudicated and became the "law of the case," the trial court below was not precluded by the decision of the supreme court from determining the issue of guardians fees which it specifically reserved for later determination. It was proper for the trial court to reserve its jurisdiction, pending appeal on the question of guardian ad litem fees. These questions did not become the law of the case. *Norris v. Bristow*, 361 Mo. 691, 236 S.W.2d 316, 319 (1951); *Williams v. Ford Motor Company*, 454 S.W.2d 611, 615 (Mo.App.1970). See *Mercantile Trust Co., N.A. v. Davis*, 522 S.W.2d 798, 808 (Mo. banc 1975). As a result of the specific reservation of jurisdiction over the issue of guardian ad litem fees, the trial court's judgment on the issues actually determined constituted a separate judgment for purposes of appeal. *Papin v. Papin*, 475 S.W.2d 73, 75 (Mo.1972). Hence, there was no issue before the supreme court regarding guardian ad litem fees, and that issue was not adjudicated. The supreme court's affirmance of the trial court's disallowance to the trustee and its failure to specifically remand the case to the trial court for the purpose of determining respondents' applications for guardian ad litem fees and expenses did not deprive the trial court of its jurisdiction, previously acquired and reserved, to hear and determine the question of such guardian ad litem fees. See *Jesser v. Mayfair Hotel, Inc.*, 360 S.W.2d 652, 656 (Mo. banc 1962), and compare *City of St. Charles v. Schroeder*, 510 S.W.2d 202, 203 (Mo.App.1974).

The supreme court, in our opinion, affirmed the decree of the declaratory judgment court with respect to the disallowance of attorneys' fees and expenses of attorneys in connection therewith insofar as the will contest proceeding and the interlocking declaratory judgment action were concerned, but did not thereby preclude the trial court from considering the applications of guardi-

an fees for the successful appellants—the Gridley children. That portion of the declaratory court's order that the trustee was not obligated or authorized to expend any sums from the trust for attorneys' fees or expenses incurred in the will contest proceedings or for any services rendered or expenses incurred in the declaratory judgment action related, in our opinion, to attorneys' fees and expenses which were heard in the trial of the declaratory judgment action. The award of such fees was contested in the declaratory action and in the context of the proceeding it was these fees which were the subject of denial and affirmance, and not fees and expenses for the guardians ad litem.

We do not, therefore, believe that the trial court's order granting guardian ad litem fees is contrary to the decision and mandate of the supreme court in the *Conant* appeal, supra.

The trial court below had ample authority to award guardian ad litem fees, and its award is amply supported by the authorities. As early as *Jones v. Yore*, 142 Mo. 38, 43 S.W. 384 (1897), it has been held that it cannot be seriously controverted that a guardian ad litem appointed by the court for an infant defendant is entitled to compensation. " '. . . If the law were otherwise, the rights of infants would be at the mercy of any one who saw fit to invade them. . . .' " *Jones v. Yore*, supra, 43 S.W. at 386. See also *Jones v. Yore*, 158 Mo. 83, 57 S.W. 1134 (banc 1900). The guardian ad litem holds an exceptional position; he has a certain status and has certain duties as an officer of the court.

"While it has been said that there is little, if any, difference between the functions and powers of a next friend or prochein ami and a guardian ad litem, . . . the position of the latter as a party litigant seems to be the more unique. He represents an interest brought into court involuntarily, and . . . one essential to the validity of a binding adjudication. It is the duty of the guardian ad litem to defend the suit. He cannot admit or waive anything which goes to sustain the claim of the adverse party. Nor is the appointment a bare technicality, and it is something more than a mere technical defense that is required of the guardian." *Tracy v. Martin*, 363 Mo. 108, 249 S.W.2d 321, 323 (banc 1952).

The appointment of a guardian ad litem for a minor defendant is mandatory. § 507.190, RSMo 1969—". . . the suit shall not be prosecuted any further until a guardian for such infant be appointed"; Rule 52.02(e); *Tracy v. Martin*, supra, 249 S.W.2d at 323.

There do not appear to be specific statutes, save one, which specifically authorize the courts to make an allowance to a guardian. But apart from specific statutes it has always been held that the power and authority to allow a guardian compensation for services is implied from the power to appoint as one of the court's inherent powers. *Jones v. Yore*, supra, 43 S.W. at 387; *Tracy v. Martin*, supra, 249 S.W.2d at 323.

While a court appointed guardian ad litem may employ counsel (*Nagel v. Schilling*, 14 Mo.App. 576 (1887); *Ragan v. Looney*, 377 S.W.2d 273, 276 (Mo.1964)), often the guardian ad litem is an attorney. In such case, he may "also act as counsel for his wards and if he does and the services were necessary he is entitled to a reasonable fee for his services in that capacity or for his combined services." *Ragan v. Looney*, supra, 377 S.W.2d at 276, and authorities cited therein.

Therefore, there is no question that the respondents are entitled to compensation for their services as guardians ad litem. The question then remains whether the court erred in charging the guardian fees and expenses to the Manternach trust. We hold that it did not. It is the general principle that a trust beneficiary who successfully preserves or protects a fund or trust or prevents a wrongful disposition of trust assets renders a benefit to the trust estate and if there is a fund before the court, the court may order that an allowance be paid out of the fund or trust. *Tracy v. Martin*, supra; *Ragan v. Looney*, supra; cf. *Jesser v. Mayfair Hotel, Inc.*, supra,

360 S.W.2d at 661[7]; *Trautz v. Lemp*, 334 Mo. 1085, 72 S.W.2d 104, 107 (1934); *St. Louis Union Trust Co. v. Kalterbach*, 353 Mo. 1114, 186 S.W.2d 578, 583 (1945); Bogert, Trusts and Trustees, § 871, pp. 102–106 (2d ed. 1962); *First Trust Co. v. Myers*, 239 Mo.App. 403, 188 S.W.2d 519, 522 (1945). This is true even though the interests of the beneficiary are contingent. Cf. *Tracy v. Martin*, supra, rev'g *Tracy v. Martin*, 239 S.W.2d 567 (Mo.App.1951); *In re Roosevelt's Estate*, 131 Misc. 800, 228 N.Y.S. 323, 329 (1928); *Uihlein v. Albright*, 244 Wis. 650, 12 N.W.2d 909, 910–911 (1944); *Bush v. Riker*, 77 N.J.Super. 243, 186 A.2d 117, 119 (1962).

Here the contingent beneficiaries—the Gridley children—successfully preserved their interests in the Manternach trust; this was accomplished through the services and skill of the guardians appointed by the court. They preserved the trust; hence, in our opinion, the guardians were entitled to a reasonable fee for combined services rendered.

■ Neither did the court err in awarding supplemental guardian fees after November, 1970, for the purposes of appealing the declaratory judgment suit to the supreme court. These services were part and parcel of the protection of the trust estate. A guardian would have been required for this stage of the proceeding. The word "heretofore" in the declaratory judgment order of the trial court cannot be so restrictive as to preclude an award of compensation on appeal to protect the trust. While it is true that the express language of the declaratory court's order reserved jurisdiction to determine guardian fees "heretofore" filed, we have the view that this was merely a means of identifying respondents' applications rather than a restriction by which the court purposely excluded from its jurisdiction any applications that might subsequently be filed by respondents for their services on appeal. At the time of this order there was no indication that an appeal would be taken. In any event, the

appeal was the final process by which the trust was preserved through the efforts of the respondents. We hold therefore that the trial court did not err in awarding the supplemental application of Respondent Allen,[5] and in awarding Respondent Gerard his fees for services.

In sum, we affirm the trial court's order which (1) made an allowance of $10,830.00 to Respondent Allen for services rendered as guardian ad litem for the Gridley children both in the trial court and on appeal and for reimbursement of expenses of $509.92, (2) made an allowance of $2,683.00 to Respondent Gerard for services rendered as guardian for the Conant children in the trial of the declaratory judgment action and (3) ordered that these amounts be charged against the corpus of the trust referred to in paragraph 1–C of Article III and Article V of the will of Eleanore G. Conant.

■ Lastly, we must dispose of the respondents' applications for additional fees and expenses filed in this court for services and expenses on this appeal from the trial court's order awarding fees and expenses. In effect, both respondents seek additional compensation for their services rendered for this appeal. They request that we charge these requests against the trust estate. Such services on this appeal were rendered necessary, they say, because of the appellants' opposition to their right of reasonable compensation, and hence the services were a necessary consequence of their appointments as guardians.

We decline to award such additional fees. This appeal involves not the protection of the trust estate for the benefit of the Gridley children, but involves fees and expenses which are personal to the respondents.

Respondents rely on *Mercantile Trust Company v. Muckerman*, 377 S.W.2d 355 (Mo.1964), as authority to award fees for appeal. That case is, however, inapposite. Appellate fees were awarded on appeal because the work of counsel for minor defend-

---

5. Respondent Gerard admittedly did no additional work in the appeal; his motion at the hearing on the guardian fees was merely to approve his prior application.

ants was of considerable assistance to the trustee and to the court in construing the trust and bringing about a determination of the dispute over the devolution of the trust assets. That is not the situation on this appeal. We do not consider *Muckerman* or the other authorities relied on by the respondents to be determinative.

We decline to award additional fees for this appeal. Cf. *St. Paul Insurance Company v. Carlyle*, 428 S.W.2d 753, 757 (Mo.App. 1968).

We have reviewed the original transcript of the declaratory judgment action, the transcript of this hearing requesting fees and expenses, the briefs of the parties and all authorities embodied therein and are convinced that the trial court did not err in awarding the fees and expenses and charging them to the corpus of the trust, and we affirm that order. The application for additional fees and expenses for services on this appeal is denied.

The judgment of the trial court is affirmed.

KELLY and GUNN, JJ., concur.